## Ex Parte LUCERO.

(No. 1978, November 12, 1917.)

### SYLLABUS BY THE COURT.

1. A convict is entitled to notice and an opportunity to be heard upon the question as to whether he has violated the conditions upon which the sentence against him has been suspended, where, as in this case, the suspension was during good behavior, which necessarily involves a question of fact. In proceedings to determine such a question, no particular formalities need be observed, and the convict is not entitled to a jury trial, except upon the question of his identity with the person originally sentenced, if such question is raised. P. 435

2. A suspended sentence can be enforced after the time for which the sentence was originally imposed has expired.
: P. 434

Habeas corpus by Miramon Lucero. Prisoner discharged without prejudice to further action in matter of enforcement of sentence.

A. B. Renehan, of Santa Fe, for relator. Harry S. Bowman, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT.

PARKER, J. On April 29, 1913, the petitioner was sentenced to serve a term in the penitentiary of not less than two, nor more than three years, upon the plea of guilty, under an indictment in Bernalillo county, charging the larceny of a horse. The judgment of the district court was suspended during the good behavior of the defendant. Thereafter on November 2, 1915, an indictment was returned in Lincoln county against the petitioner and others. charging them with the larceny of 12 horses. Thereafter on May 18, 1916, a certified copy of the indictment in Lincoln county was filed in the original cause in Berlanillo county, and thereupon the court found that the petitioner had violated the conditions upon which the sentence, theretofore pronounced against him, was suspended, and ordered that said sentence be enforced against the petitioner, and that commitment be issued upon the judgment, which was done. The petitioner was arrested and brought to the penitentiary, where he now is confined. Petitioner thereupon sued out a writ of habeas corpus in this court, and the same has been argued and submitted.

Counsel for petitioner made two contentions in the case: First, upon the determination of the question as to the breach of the condition of a suspended sentence, the defendant is entitled to be heard; second, a suspended sentence cannot be enforced after the time for which the sentence was originally imposed has expired.

[2] The second contention above stated is foreclosed by a previous holding of this court in Ex parte Lujan, 18 N. M. 310, 137 Pac. 587. In that case the defendant was committed to the penitentiary after the time that his sentence would have expired had he served the same. We held that the fact that the time covered by the sentence had expired was immaterial, and that the sentence might be enforced at any time thereafter upon the breach of the

conditions upon which it was suspended. We see no reason to depart from the holding in that case.

[1] It appears that the proceedings leading to the issuance of the commitment against the petitioner were entirely ex parte. So far as it appears from the record he was not present in person or by counsel, and had no hearing as to whether he had breached the condition. Counsel on each side state that there is no precedent to be found in the books touching this proposition. Counsel for petitioner likens a suspended sentence to a conditional pardon, and cites authority to the effect that where a man has been conditionally pardoned, and is alleged to have violated the conditions of his pardon, his guilt must be established in due form of law and by the same processes as apply in other cases.

Ex parte Alvarez, 50 Fla. 24, 39 South. 481, 111 Am. St. Rep. 102, 7 Ann. Cas. 88, was a case of a conditional pardon. It appears that in that case the petitioner was arrested by the sheriff for having violated the conditions of his pardon upon the request of the state board of pardons. There was no authority in the state board of pardons to ascertain or determine whether or not there had been a violation of, or noncompliance with, the conditions of the pardon, or to rearrest the convict and order the execution of the original sentence. The court held that the order made by the board of pardons undertaking to judge of the violation of the conditions of the pardon and ordering the recommitment of the petitioner was a nullity. The conditional pardon granted to the petitioner, however, in express terms authorized any sheriff of the state to rearrest him upon his violating the conditions of the pardon, and the court held, therefore, that it became the duty of the sheriff, notwithstanding the nullity of the order of the board of pardons, to arrest the petitioner and detain him until such alleged violation could be inquired into and determined by the proper authorities and to bring such alleged violation promptly to the attention of some court of general criminal jurisdiction to be there disposed of. The case was heard in the lower court upon a writ of habeas corpus, and the Florida Supreme Court

held that in that proceeding the court below should have instituted an inquiry as to the truth of the alleged violation of the conditions of the pardon. The inquiry not having been made, the case was reversed and remanded to the lower court, with directions that in the habeas corpus proceedings it should make inquiry into the truth of the alleged violation of the conditions of the pardon, and if the violation was found to exist, that the petitioner be remanded to custody, or if such violation should not be established, he should be discharged; and that the defendant in the meantime remain in custody, unless he give a certain prescribed bond for his appearance before the court below. The court quotes from and relies upon 24 A. & E. Encyc. Law, p. 959, et seq.

In People v. Moore, 62 Mich. 496, 29 N. W. 80, it was held that a statute providing for the rearrest and remanding of the convict without warrant upon the alleged violation by him of the conditions of his pardon without a preliminary examination was unconstitutional and void. The holding is based upon the proposition that such a proceeding is a violation of the constitutional guaranty against deprivation of liberty without due process of law. The court says:

"When a person has been set at liberty under the pardon or the commutation of his sentence by the executive he becomes once more a full citizen, clothed with all the rights, privileges, and prerogatives that belong to any other free man. He cannot be sent out half free and half slave. * * * And, in order to remand and confine him in prison again, the fact of the violation of such condition must be established by the due administration of the law, as in other cases of the violation of the penal statutes."

In State v. Wolfer, 53 Minn. 135, 54 N. W. 1065, 19 L. R. A. 783, 39 Am. St. Rep. 582, the petitioner had been pardoned on condition that he immediately leave, and remain without, the state. After his release he directed his wife to dispose of his property and to join him. She sold the property as directed and met him for the purpose of leaving the state, and as they were about to take the train, she was stricken with paralysis. He gave her such attention as he could and concealed himself in

the vicinity to avoid the public. Three days later, while endeavoring to reach a train and take passage out of the state, he was arrested, and placed in confinement on the theory that he had forfeited the benefit of his pardon by non-compliance with its condition. The court, in an opinion by Mitchell, J., held that the uniform practice, both English and American, except where otherwise provided by statute, has been that, upon complaint that the prisoner has not performed the condition of his pardon, a warrant is issued, upon which he is arrested and committed to jail until he can be brought before the court for a hearing; that thereupon an order, rule, or some such process, the form of which is not very material, issues by the court in which he was convicted, or some superior court of criminal jurisdiction, and he is brought before the court to show cause why execution should not be awarded against him on his original sentence. On all matters touching the question whether he has failed to perform the condition of his pardon, the prisoner is entitled to be heard, just as he was entitled to be heard why sentence should not be passed upon him when he was originally brought before the bar for sentence. The court further held that it was competent for the prisoner in such cases to present facts constituting an excuse for nonperformance of the strict terms of the condition. The court further held that the prisoner was not entitled to the verdict of a jury as a matter of right, except upon the question as to whether he is the same person who was convicted. The court criticises People v. Moore, 62 Mich. 496, 29 N. W. 80, in that it fails to distinguish in regard to some pertinent matters. In the Michigan case it is said that the convict must be arrested and tried in the same manner as in criminal cases, that is, upon an indictment and by a jury, before he can be recommitted. This, the Minnesota court points out, is erroneous. The court shows that if the violation of the conditions of the pardon is a crime by statute, and if the person is charged with that crime, then he necessarily would have to be convicted the same as of any other crime. But the nonperformance of the condition of the pardon is not a criminal offense, and may be

determined by the court itself. The court cites People v. Potter, 1 Park. Cr. R. (N. Y.) 47, where the cases, both English and American, are cited and commented upon.

In Ex parte Brady, 70 Ark. 376, 68 S. W. 34, the petitioner brought habeas corpus on having been arrested and recommitted upon the proclamation of the Governor revoking a conditional pardon. The condition attached to the pardon was that he should refrain from selling liquor without a license. He was tried and convicted of selling liquor without a license subsequent to the pardon. The court held that while it was more regular to have first brought Brady before the circuit court to show cause why the judgment should not be enforced against him, still the failure to do so was an irregularity which furnished no ground for his discharge, because it appeared in the habeas corpus proceeding that the pardon had been annulled by his own acts; that is, it appeared by judicial determination that he had sold liquor without a license in violation of the condition.

In People v. Burns, 77 Hun, 92, 28 N. Y. Supp. 300, the court held that it was not competent for the warden to seize and recommit the defendant without a hearing on the question of his violation of the condition of his commutation and discharged the defendant from the present custody of the warden, but made an order requiring him to show cause forthwith before the same court why he should not be remanded to the state prison under his original sentence for violation of his conditional pardon. Upon the return day of the order, a jury was impaneled and found that the condition of the pardon had been violated. The court held that the court was not required to submit the question of fact to the jury, but its procedure in doing so was not open to objection. This case was affirmed in 143 N. Y. 665, 39 N. E. 21.

Upon principle it would seem that due process of law would require notice and opportunity to be heard before a defendant can be committeed under suspended sentence. The suspension of the execution of the sentence gives to the defendant a valuable right. It gives to him the right

of personal liberty which is one of the highest rights of citizenship. This right cannot be taken from him without notice and opportunity to be heard without invading his constitutional rights. Of course, if the terms of the suspension of the sentence are such as to leave open no question of fact, as where it is provided that the sentence is suspended until the further order of the court in its discretion, it may be that no notice or hearing would be required. In such a case the court would retain the right to enforce the sentence at any time in its discretion, to which the defendant may be held to consent when he accepts the benefits of the court's leniency. Just how far, if at all, arbitrary action by the court might be inquired into even in such a case, it is not necessary or proper for us to decide, for we have no such case before us. Here the sentence was suspended during good behavior, which necessarily involves the determination of a question of fact, in which determination the defendant is entitled to be heard. In such a determination the defendant is not entitled to a jury trial any more than upon the allocution at the time of the original sentence, except in case he pleads want of identity of himself and the person originally sentenced, a state of affairs rarely arising.

It follows that the prisoner should be discharged from present custody, but without prejudice to any further action which may be taken, in accordance herewith, in the matter of the enforcement of the sentence; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.