364 P.2d 359

STATE of New Mexico, Plaintiff-Appellee,

v.

Mary Helen PEOPLES, Defendant-Appellant.

No. 6863.

Supreme Court of New Mexico.

Aug. 22, 1961.

and without affording accused a hearing on question whether she had violated conditions of suspension and without affording her jury trial on disputed question whether accused was in fact the person named in information was a denial of due process, and the error was so fundamental that Supreme Court would consider it, whether or not timely objections and exceptions had been made.

Timothy P. Woolston, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Norman S. Thayer, Jr., Asst. Atty. Gen., for appellee.

COMPTON, Chief Justice.

This is an appeal from an order invoking a suspended sentence. The record is fraught with error of a fundamental nature.

On October 31, 1958, the appellant, Mary Peoples, was sentenced to serve a term in the New Mexico Penitentiary of not less than one year nor more than five years. The sentence was then suspended by the court during her good behavior.

Thereafter, on August 2, 1960, an information was filed by the district attorney charging Mary *Helen* Peoples and others with the commission of a felony. On this charge, the parties were held for trial before the district court by the committing magistrate.

Subsequently, on August 5, 1960, the district attorney moved to invoke the suspended sentence because the appellant allegedly had violated the terms of the suspension. Thereupon, the trial court, upon the mere filing of the information and over appellant's denial of her identity with Mary *Helen* Peoples, named in the information filed August 2, 1960, and over her insistence that she be afforded a trial by jury on the question of identity, entered an order invoking the suspended sentence.

There is no room to doubt that due process was effectively denied the appellant. The mere criminal charge was not evidence and afforded no legal basis for the action taken by the court. She was entitled to be heard on the question whether she had violated the conditions upon which the sentence against her had been suspended. She was also entitled to a trial by jury on the question of identity. Ex parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549. Compare Local 890 of International Union of Mine, etc. v. New Jersey Zinc Co., 58 N.M. 416, 272 P.2d 322.

In Ex parte Lucero, supra, this court, passing upon an almost identical situation factually, said:

"* * * Here the sentence was suspended during good behavior, which necessarily involves the determination of a question of fact, in which determination the defendant is entitled to be heard. In such a determination the

defendant is not entitled to a jury trial * * * except in case he pleads want of identity of himself and the person originally sentenced * * *." [23 N.M. 433, 168 P. 715.]

The state strongly contends that the appellant did not save for review the error of which she now complains. This is difficult to understand. We fail to see what more was required of her to alert the mind of the court of the impending error. But, be that as it may, the error complained of goes to the very foundation of the case. In this circumstance we will consider on appeal the error whether or not timely objections and exceptions are made. State v. Garcia, 19 N.M. 414, 143 P. 1012.

The order of suspension was made by the Honorable Robert W. Reidy, Judge of Division 2 of the Second Judicial District, and it is obvious from a consideration of the record that the court was laboring under the misapprehension that the sentence had been deferred pending the further order of the court; otherwise, we feel certain the learned trial judge would have proceeded in a different manner.

The order must be reversed and the cause remanded for such further proceedings as may be deemed necessary.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.