403 P.2d 701

**Danny P. BLEA, Petitioner,**

v.

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 7902.**

Supreme Court of New Mexico.

June 28, 1965.

Edward T. Johnson, Santa Fe, for petitioner.

Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM.

Petitioner seeks habeas corpus because of the failure of the trial court to advise petitioner, an indigent person, of his right to counsel or to furnish counsel at a hearing held seeking revocation of a suspended sentence.

Was there a denial of due process in the proceeding wherein the sentence previously imposed and suspended was invoked?

On February 22, 1960, petitioner entered a plea of guilty to the crime of unlawful possession of a narcotic drug, and was sentenced to a term of not less than two years nor more than ten years in the penitentiary. The sentence was suspended during petitioner's good behavior. At his arraignment and sentence, petitioner was represented by counsel.

On December 16, 1960, a motion was made by the district attorney that the suspension be revoked. After hearing, at which petitioner was not represented by counsel or advised of any rights in connection therewith, the court continued petitioner under the suspended sentence on an additional condition that he obtain treatment at the Federal Narcotics Center in Fort Worth, Texas, and upon release to be on probation.

Again, on December 1, 1961, the district attorney moved for the revocation of the suspended sentence and the commitment of petitioner to the penitentiary. At the hear-

ing, petitioner was not represented by counsel. Neither was he advised of his right to be represented by counsel. He was indigent, and did not intelligently waive his right to counsel.

As long ago as 1917, in Ex parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A. 1918C, 549, this court passed on the necessity of preserving constitutional guaranties in hearings seeking to revoke the suspension of a sentence. The record in that case disclosed that the defendant was not present in person or by counsel when suspension of his sentence was revoked and commitment issued. We quote from the opinion in that case:

"Upon principle it would seem that due process of law would require notice and opportunity to be heard before a defendant can be committed under suspended sentence. The suspension of the execution of the sentence gives to the defendant a valuable right. It gives to him the right of personal liberty, which is one of the highest rights of citizenship. This right cannot be taken from him without notice and opportunity to be heard without invading his constitutional rights."

More recently, in State v. Peoples, 69 N.M. 106, 364 P.2d 359, we reaffirmed the rule. In that case, where defendant denied she was the same person as had been charged with a new offense which was the basis for seeking revocation, and was demanding a jury trial to determine that fact, we said:

"There is no room to doubt that due process was effectively denied the appellant. The mere criminal charge was not evidence and afforded no legal basis for the action taken by the court. She was entitled to be heard on the question whether she had violated the conditions upon which the sentence against her had been suspended. She was also entitled to a trial by jury on the question of identity."

Aside from the right guaranteed in the Sixth Amendment to the Federal Constitution to be represented by counsel at all critical stages of a criminal proceeding, which has been held to be applicable likewise in state prosecutions by virtue of the Fourteenth Amendment, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, the guaranty that an "accused shall have the right to appear and defend himself in person, and by counsel * * *" is likewise contained in Art. II, § 14 of the New Mexico Constitution. This provision of our constitution and the impact of the United States Supreme Court cases were considered in State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394, and more recently in State v. Vaughn, 74 N.M. 365, 393 P.2d 711.

As already noted in the quotation from Ex parte Lucero, supra, the taking from a man of his right to liberty being enjoyed under a suspended sentence amounts to the denying to him of one of his highest rights. This may not be done ex parte and without notice and hearing. We see in the proceeding for revocation of a suspension the same critical or crucial elements present as in other hearings wherein the right to counsel is guaranteed, such as the preliminary hearing, arraignment and trial. The need for and right to be represented by counsel, unless intelligently and knowingly waived, is as much a requisite in a hearing seeking revocation of a suspended sentence as in the other mentioned stages of the proceedings. Compare United States v. Behrans, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224. In the instant case, petitioner had no counsel at the hearing where the suspension was revoked and he was ordered committed. Neither was he advised of his right to have counsel appointed if he desired and was indigent. There was no waiver of that right. Any explanation of his right to counsel to represent him when he was arraigned in district court, and at a trial if he pleaded not guilty, which occurred almost two years earlier, in our opinion, cannot possibly be relied on here as a basis for an intelligent waiver.

It is clearly shown on the record that petitioner was not represented by counsel nor was his right to counsel explained to him, nor did he intelligently waive the same when he appeared before the court and the suspended sentence was revoked. This was a denial of his constitutional rights and requires that the writ of habeas corpus be made permanent. It is so ordered.