431 P.2d 57

STATE of New Mexico, Plaintiff-Appellee,

v.

James C. HOLLAND, Defendant-Appellant.

No. 8358.

Supreme Court of New Mexico.

Aug. 28, 1967.

Robert W. Ward, Lovington, for appellant.

Boston E. Witt, Atty. Gen., Joel M. Carson, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

This is an appeal from a judgment revoking the suspension of defendant's sentence.

On May 18, 1964, defendant plead guilty to a charge of forgery. The order and judgment of the court, entered pursuant to the guilty plea, provided in part:

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court and it is the judgment and sentence of this Court that the said defendant, James C. Holland, be imprisoned in the State Penitentiary at Santa Fe, New Mexico, for the term of not less than two (2) years and not more than ten (10) years.

"IT IS ORDERED BY THE COURT that the penitentiary sentence herein be and the same hereby is suspended during the good behavior in every respect of the defendant, except sixty (60) days in the County Jail of Lea County, New Mexico, from the 1st day of April, 1964, and that a commitment issue therefor.

"IT IS FURTHER ORDERED BY THE COURT that the defendant be on probation for a period of eighteen (18) months when released from jail and that he report to the probation officer for instructions."

On May 27, 1964, an order of probation, which had been signed by the district judge, was read by defendant, discussed by him with the probation officer, signed by both defendant and the probation officer, and a copy thereof received by defendant. This order was filed on June 1, 1964.

One of the conditions recited in the probation order provided in part:

"3(b) That he will secure the written permission of the probation officer before: (1) leaving the State of New Mexico or Lea County; (2) change his residence or employment; * * *"

On January 18, 1965, the assistant district attorney filed a petition for revocation of the suspended sentence upon the ground that defendant had violated the conditions of his suspended sentence in that he "absconded from probation by leaving his home and employment without permission."

A warrant was issued for the arrest of defendant and, after some difficulties in locating and having him returned, he was finally returned to New Mexico by extradition from Texas.

On December 5, 1966, the matter came on for hearing upon the petition for revocation. At this hearing defendant's attorney inquired as to the statute under which the

State was proceeding. The assistant district attorney announced the State was proceeding under § 40A–29–20, N.M.S.A. 1953 and that it had so advised in the petition. In the prayer of the petition reference was made to this section of our statutes.

Defendant denied the allegations of the petition. The court announced that defendant was entitled to a jury trial. Counsel for defendant disagreed with the court, and advised that as he understood the law, defendant was not so entitled. The court, after some discussion with counsel, announced that a jury trial was being offered defendant. Thereupon, defendant waived a jury trial.

On December 9 the State filed a motion to amend the petition for revocation by adding:

"* * * that on or about the 4th day of December, 1964, said defendant issued a worthless check to Western Auto Store, Lovington, New Mexico, in the amount of $16.00 and that said check was not honored upon presentment to the Lovington National Bank, Lovington, New Mexico, for the reason that the account of James C. Holland was closed, all contrary to Section 40–49–4, New Mexico Statutes Annotated 1953."

On December 19 the cause came on for trial, but before the commencement of the trial defendant filed a motion to dismiss and also a motion to strike. The substance of the motion to dismiss was that the suspension should continue:

"* * * during the good behavior in every respect of the Defendant except 60 days in the County Jail from the 1st day of April, 1964; and that under the case of Ex-Parte Hamm, 24 N.M. 33, the only condition imposed by an Order Suspending Sentence during good behavior, is that the defendant not violate the laws or ordinances, and that the Petition for Revocation does not allege the violation of any law or ordinance and, in fact, does not even allege a violation of the Parole Order."

The motion to strike was directed at the State's motion to amend. It was defendant's position that since the State had announced it was proceeding under § 40A–29–20, N.M.S.A.1953, and issue had been joined by the denial of the allegations contained in the petition, the State could not thereafter amend.

The court denied both the motion to dismiss and the motion to strike, and proceeded as if the motion to amend had been allowed. Evidence was adduced, both sides announced that they rested, and defendant further announced that he was standing on his previous motions and objections.

The judgment revoking the suspended sentence was entered on December 28. This judgment recited in part that the hearing was had on the State's amended petition and defendant's denial of the allegations therein; that defendant had voluntarily and intelligently waived a jury trial; that on or about December 10, 1964, defendant absconded and removed himself from the supervision of the probation officer, in that he changed his residence and employment and left the county of Lea, State of New Mexico, without permission from the court or the probation officer; that defendant violated Paragraph 3(b) of the order of probation by failing to properly submit to the supervision of the probation officer; and that defendant was in violation of the terms and conditions of his probation starting December 10, 1964 and was absent from the jurisdiction of the court from that date until November 11, 1966, when he was returned to Lea County by extradition from the State of Texas.

The court's order and judgment was that defendant had violated the terms and conditions of his probation, that the State's motion to amend the petition for revocation was granted, that defendant's motions to dismiss and to strike were denied, and that defendant's suspended sentence was revoked, and he was to serve not less than two nor more than ten years in the penitentiary, with credit being given him for the time he was incarcerated and under

the supervision of the probation officer, which was from May 18, 1964 to December 10, 1964.

It is from this judgment that defendant has appealed, and he has asserted two points relied upon for reversal.

His first point is that:

"AFTER THE ISSUES HAD BEEN FRAMED UNDER SECTION 40A–29–20, N.M.S.A.1953, BY READING THE PETITION TO REVOKE THE SUSPENDED SENTENCE UNTO THE DEFENDANT, AND DENIAL THEREOF BY THE DEFENDANT, THE TRIAL COURT ERRED IN PERMITTING A SUBSTANTIAL AMENDMENT AND IN RECEIVING EVIDENCE ON MATTERS OUTSIDE THE PETITION ON WHICH THE ISSUES HAD BEEN SO FRAMED."

He argues (1) that the trial court and the district attorney failed to recognize that there is a difference between proceedings to revoke a suspended sentence under § 40A–29–20, N.M.S.A.1953, and proceedings to revoke an order of probation under § 41–17–28.1, N.M.S.A.1953; (2) that the suspended sentence could be revoked only upon the allegation and proof of the commission of a crime; and (3) that the petition, as originally framed, contained no such allegation and the court erred in permitting the amendment.

Defendant's position is that since the trial court suspended the sentence, except for sixty days, during his good behavior in every respect, that his suspended sentence could be revoked only if he subsequently committed a crime. He relies upon the cases of Ex Parte Hamm, 24 N.M. 33, 172 P. 190, L.R.A.1918D, 694 (1918); Ex Parte Selig, 29 N.M. 430, 223 P. 97 (1924); Ex Parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549 (1917).

In Ex Parte Selig, supra, a writ of habeas corpus was discharged, but defendant here relies upon the language of the court wherein it was stated:

"Thus it seems quite clear to us that it is only upon the breach of some one or more of the terms and conditions prescribed by the court that the suspension may be vacated. In this case no terms or conditions were prescribed, and it cannot therefore be said that the petitioner violated any one or more of them."

He argues that the only condition prescribed by the court in the present case was that of "the good behavior in every respect of the defendant." In Ex Parte Lucero, supra, the defendant was given a suspended sentence during good behavior. This was subsequently revoked by an ex parte order. This court held that a question of defendant's good behavior was one of fact to be determined before his suspended sentence could be revoked, and that defendant was entitled to be heard upon this question.

In Ex Parte Hamm, supra, the sentence was suspended during good behavior. This court defined "good behavior" in this connection as:

"* * * conduct conforming to the law. The petitioner is not shown in this case to have violated any law of the state, and has therefore not violated the conditions upon which his sentence was suspended. * * *"

All three of these cases were decided prior to the statutory creation of our present system of probation. It was held in Ex Parte Hamm, supra, and reaffirmed in Ex Parte Selig, supra, that under the then statute controlling the suspension of sentences the district courts were granted very broad and comprehensive powers, and that it was left to the courts to determine for themselves the terms and conditions upon which a sentence in each case may be suspended.

Defendant would have us limit the condition of the suspended sentence to the good behavior of defendant, apply the holding in Ex Parte Hamm, supra, and ignore the fact of probation and the conditions of the probation. If any effect is to be given to the conditions of probation, a violation of these conditions must be accompanied by

the power in the court to revoke the probation. Such is contemplated by the provisions of § 41–17–28.1, N.M.S.A.1953. It is further contemplated by the same section of the statutes, and it necessarily follows that such must be the case if the power to revoke is to have any meaning, that the court may require the probationer to serve the remainder of the sentence imposed, or any lesser sentence. That portion of the court's order placing defendant upon probation, and the subsequent order of probation reciting the conditions thereof, cannot be considered as meaningless efforts on the part of the court without connection and without effect upon the order of suspension.

■■ Section 40A–29–15, N.M.S.A.1953 authorizes the suspension of sentences, except upon conviction of certain crimes, when the court is satisfied that the ends of justice and the best interests of the public as well as of the defendant will be served thereby. When a sentence is so suspended, and the court feels the defendant is in need of supervision, guidance or direction which can feasibly be furnished by the probation service, the court should order defendant placed on probation. Section 40A–29–17, N.M.S.A.1953.

In § 41–17–14, N.M.S.A.1953, probation is defined as:

"* * * the procedure under which an adult defendant, found guilty of a crime upon verdict or plea, is released by the court without imprisonment under a suspended or deferred sentence and subject to conditions; * * *."

Thus it would seem apparent a violation of the conditions of the probation during the probationary period is also a violation of the conditions of the suspension. See Buhler v. Pescor, 63 F.Supp. 632 (W.D.Mo. 1945), wherein it was held that probation is merely the status of one released under a suspended sentence.

■ Although it appears to us that compliance with the probation order was made a condition of the suspension, it would have been much clearer had the trial court so stated. In order to avoid the contention here raised that the conditions of the order of suspension do not embrace the conditions and terms of probation, the trial courts, by appropriate language, should expressly provide that the conditions and terms of probation are made conditions and terms of the suspension.

■ As shown above, the trial court found that defendant had violated the conditions of Paragraph 3(b) of the probation order, and that by reason thereof his suspended sentence was revoked. We are of the opinion that it logically follows that the court could properly enter the judgment of revocation, for the purpose of effecting a change in the status of defendant created by the order of suspension.

■■ As to the contention that the trial court erred in permitting the amendment, it should first be pointed out that the judgment of revocation is in no way predicated upon this amendment or the evidence adduced in support thereof. Even if we were to agree that the trial court erred in granting the amendment, it is not the function of an appellate court to correct errors which have not affected the ultimate decision of the trial court. Tevis v. McCrary, 75 N.M. 165, 402 P.2d 150 (1965); Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65 (1963). Defendant cannot be heard to complain of error which has not prejudiced him. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966); State v. Mase, 75 N.M. 542, 407 P.2d 874 (1965).

■ We do, however, observe that some confusion and misunderstanding apparently were created by the announced position of the assistant district attorney at the hearing on December 5, the filing by him on December 9 of the motion to amend, and his subsequent efforts to support this amendment by evidence introduced at the hearing on December 19. Here counsel was appointed to represent defendant in the revocation proceedings, and he was entitled to have the position of the State clarified, and the issues determined, at the earliest

reasonable time, in order that he might know how to proceed and what he would be required to meet in conducting the defense.

The second point relied upon for reversal is that:

"THE DEFENDANT WAS DENIED CONSTITUTIONAL DUE PROCESS BY THE PROCEEDINGS HAD, AND THE PROCEDURE FOLLOWED BY THE COURT AND THE STATE."

Defendant has divided his argument under this point into three subpoints. The first is that: "The Court erred in shifting the burden of going forward with the case from the State to the Defendant." This subpoint is without merit. The record shows conclusively that the State sustained its burden of going forward. The filing of a motion to strike and a motion to dismiss, which defendant felt to be proper under the circumstances of the case, in no way shifted to him the burden of going forward.

In his second subpoint he complains that: "The Trial Court erred in relying on alleged private correspondence with the Supreme Court rather than upon the decided cases in framing the proceedings."

The record does not support his contention that the trial court was relying on any alleged private correspondence.

His position under this subpoint is that he was not entitled to a jury, except on the question of identity, under the holding in State v. Peoples, 69 N.M. 106, 364 P.2d 359 (1961), which was reaffirmed in Blea v. Cox, 75 N.M. 265, 403 P.2d 701 (1965). Since he was not raising any question of identity, he contends that he was not entitled to a jury trial, and that the trial court in some way prejudiced his rights by offering him a jury trial. Whether he was or was not entitled to a jury trial, he waived the offer thereof made by the court. He received a trial before the court in accordance with his understanding of the law and in accordance with his express waiver and request. If the trial court erred in making the offer, defendant was in no way prejudiced thereby, so cannot be heard to complain. State v. Williams, supra; State v. Mase, supra.

In his third subpoint he again argues that neither the State nor the trial court recognized the distinction between a proceeding to revoke probation and one to revoke a suspended sentence, and urges this denied him constitutional due process. He cites no authority for his position and fails to make it clear to us in what particular or particulars he was denied due process. He was clearly informed of the grounds upon which the State sought to have the probation and the suspended sentence revoked. We have hereinabove held that the violation of the grounds of probation, which is the procedure under which he was released by the court under the suspended sentence, was proper ground for the revocation of the suspended sentence.

Defendant has failed to demonstrate wherein any of his rights have been prejudiced. Therefore, the judgment is affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.