434 P.2d 698

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William Rudolph RAINES, Jr., Defendant-Appellant.**

**No. 68.**

Court of Appeals of New Mexico.

Nov. 17, 1967.

Alan A. Norwood, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Appealing from a denial of post-conviction relief, defendant raises two issues: (1) the alleged failure of counsel to advise him on certain matters and (2) whether defendant had a right to a jury trial on the question of revoking a suspended sentence.

In 1963 defendant pled guilty to a charge of grand larceny. Sentence was imposed and suspended.

Fifteen months later a jury found defendant guilty of two violations of § 54–6–21, N.M.S.A.1953 (now repealed), pertaining to dangerous drugs. These offenses were misdemeanors.

On the oral motion of the district attorney following the jury's verdict on the misdemeanor charges, the suspended sentence was revoked. Defendant was committed to the State Penitentiary to serve the sentence imposed for the grand larceny offense. Seeking release from this commitment, defendant moved for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Interim Supp.1966). His motion was denied without a hearing.

Defendant's motion indicates there was some discussion between defendant and his employed counsel concerning an appeal from the misdemeanor convictions. The motion states that defendant did not have the money requested by his counsel for taking an appeal. The misdemeanor convictions were not appealed. Defendant contends that his counsel did not advise him that he could appeal the misdemeanor convictions as an indigent. Thus, he claims inadequate representation by counsel which he asserts deprived him of rights under the Fourteenth Amendment to the United States Constitution.

Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965), states:

"The conditions under which a person convicted of a crime will be deemed to have been deprived of his Fourteenth Amendment rights respecting a review of his conviction are stated thus in Pate v. Holman, supra [341 F.2d 764 (5th Cir. 1965)]:

"'* * *. For a petitioner to be entitled to post-conviction relief, it is not enough to show that indigency occasioned the petitioner's inability to employ counsel or to appeal; the petitioner must show that the State deprived him of his Fourteenth Amendment rights. State action is shown when a responsible official in the State's system of justice rejects a request for counsel or fails to take proper steps toward appointment of counsel for a convicted defendant when he has knowledge of the defendant's indigency and desire for appellate counsel. * * *'"

Defendant's motion does not assert that any official in New Mexico's system of justice rejected a request for counsel or failed to take steps toward appointment of counsel after having knowledge of defendant's indigency and desire for counsel on

appeal. Nor does the motion assert that defendant made any request to be furnished appellate counsel. Accordingly, the claim that counsel did not advise defendant that he could appeal as an indigent does not set forth a basis for post-conviction relief. Compare Pate v. Holman, supra; Edge v. Wainwright, 347 F.2d 190 (5th Cir. 1965), cert. denied 385 U.S. 953, 87 S.Ct. 335, 17 L.Ed.2d 231; Chapman v. State of Texas, 242 F.Supp. 378 (1965).

At the time defendant's suspended sentence was revoked, § 40A–29–20, N.M.S.A.1953 (now repealed), set forth the procedure to be followed. The statutory procedure was not followed. The record shows that counsel was present with defendant at the time of the revocation; that neither the defendant nor his counsel had any objections to the procedure that was in fact followed. Defendant, in response to the court's question, stated that he did not desire further hearing on the motion to revoke the suspended sentence.

Defendant now claims that his representation was inadequate because his counsel did not advise him of the statutory provision for revoking a suspended sentence. This is a claim concerning the conduct of the proceeding and how it was managed. It is not a contention that the proceeding was a sham or mockery of justice. Thus, it does not set forth a basis for relief. State v. Hines, New Mexico Supreme Court, 78 N.M. 471, 432 P.2d 827, opinion issued October 23, 1967, State v. Gibby, New Mexico Supreme Court, 78 N.M. 414, 432 P.2d 258, opinion issued October 2, 1967.

Relying on State v. Peoples, 69 N.M. 106, 364 P.2d 359 (1961), defendant asserts that he should have had a jury trial on the question of whether his suspended sentence should be revoked. State v. Peoples, supra, held that defendant was entitled to a jury trial on the question of her identity. Here, no issue was raised as to the identity of defendant.

In proceedings to revoke a suspended sentence, the right to a jury trial is limited to the question of identity. As stated in Ex Parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549 (1917):

"* * * Here the sentence was suspended during good behavior, which necessarily involves the determination of a question of fact, in which determination the defendant is entitled to be heard. In such a determination the defendant is not entitled to a jury trial any more than upon the allocution at the time of the original sentence, except in case he pleads want of identity of himself and the person originally sentenced, a state of affairs rarely arising." Compare State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967).

Defendant did not have a right to a jury trial on the issue of whether his suspended sentence should be revoked. This claim does not present a basis for post-conviction relief.

The order denying relief is affirmed.

It is so ordered.

E. T. HENSLEY, Jr., C. J., and SPIESS, J., concur.