438 P.2d 174

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy G. BRUSENHAN, Defendant-Appellant.**

**No. 106.**

Court of Appeals of New Mexico.

Feb. 16, 1968.

John E. Conway, Wilkinson, Durrett & Conway, Alamogordo, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

This is an appeal from an order denying defendant's motion for post-conviction relief filed pursuant to Rule 93 [§ 21–1–1(93) N.M.S.A. 1953 (Supp.1967)].

Defendant pleaded guilty to a charge of burglary on August 26, 1966. The imposition of sentence was deferred for a period of two years, conditioned on his compliance with the terms and provisions of the probation under which he was placed for this period.

On May 5, 1967, proceedings were conducted pursuant to an order to show cause why defendant's probation should not be revoked and sentence imposed. The trial court found defendant violated the terms of his probation and imposed a sentence of confinement in the New Mexico State Penitentiary for a term of not less than one year nor more than five years, with credit being given for the time he was on probation from August 26, 1966, to May 5, 1967.

On July 18, 1967, he filed his motion pursuant to Rule 93. The grounds asserted for relief are that he was not advised by either the court or his attorney of any of his constitutional rights relative to the revocation proceedings, that he was required to testifiy against himself, and that he was not advised of his right to a jury trial.

Our statute under which defendant's probation was revoked is § 41–17–28.1, N.M.S.A. 1953. Paragraph B of this statute relates to the nature of the hearing to be conducted in revocation proceedings and provides:

"B. The court shall then hold a hearing, which may be informal, on the violation charged. If the violation is established, the court may continue or revoke the probation and may require the probationer to serve the balance of the sentence imposed or any lesser sentence. If imposition of sentence was deferred, the court may impose any sentence which might originally have been imposed, but credit shall be given for time served on probation."

As stated in Burns v. United States, 287 U.S. 216, 220, 222, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932):

"Probation is * * * conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. * * * He is still a person convicted of an offense, and the suspension of his sentence remains within the control of the court.

See also State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966).

Our statute, as above quoted, provides that the hearing to revoke probation may be informal. In Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 820, 79 L.Ed. 1566 (1935), the following was stated concerning the nature of such a hearing:

"Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. * * * He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that

he may insist upon a trial in any strict or formal sense. * * * It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper."

 Although the courts are not in agreement as to the degree of proof required to establish a violation of probation, we believe the following quotation from Sparks v. State, 77 Ga.App. 22, 47 S.E.2d 678 (1948), correctly states the rule:

"In a hearing of this character a violation of the conditions of probation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt. In such a hearing if the evidence inclines a reasonable and impartial mind to the belief that the defendant had violated the terms of his probation, it is sufficient. A hearing of this character is not a trial on a criminal charge, but is a hearing to judicially determine whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation."

See also Escoe v. Zerbst, supra; Yates v. United States, 308 F.2d 737 (10th Cir. 1962); People v. Johns, 173 Cal.App.2d 38, 343 P.2d 92 (1959); People v. Kostaken, 16 Ill.App.2d 395, 148 N.E.2d 615 (1957); Scott v. State, 238 Md. 265, 208 A.2d 575 (1965); State v. Elder, 77 S.D. 540, 95 N.W.2d 592 (1959); Davenport v. State, 214 Tenn. 468, 381 S.W.2d 276 (1964); Baine v. Beckstead, 10 Utah 2d 4, 347 P.2d 554 (1959).

The Supreme Court of New Mexico long ago recognized in Ex parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549 (1917), that the right of personal liberty is one of the highest rights of citizenship and this right cannot be taken from a defendant in a revocation proceeding without notice and an opportunity to be heard without invading his constitutional rights. See also State v. Peoples, 69 N.M. 106, 364 P.2d 359 (1961); Blea v. Cox, 75 N.M. 265, 403 P.2d 701 (1965). However, here the defendant was given a hearing. He was represented at this hearing by the same attorney who had represented him in the initial criminal proceedings. He was given an opportunity to be heard, and evidence was offered by the State in support of its charges that he had violated the terms of his probation.

Insofar as the matter of counsel is concerned, in Blea v. Cox, supra, the Supreme Court recognized that in proceedings for revocation of suspension the same critical or crucial elements are present as are present in other proceedings wherein the right to counsel is guaranteed. See also Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). As already stated, defendant was furnished the same counsel who represented him throughout the earlier proceedings.

 In his petition he may be suggesting the inadequacy or ineffectiveness of his counsel, because he asserts that he was not advised by his counsel and that his counsel remained silent at the revocation hearing. Even if we were to accept these assertions as being entirely correct, we are of the opinion that the revocation hearing did not constitute a sham, a farce or a mockery of justice, which must be made to appear before a defendant can be said to have been denied the effective assistance of counsel. State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct. of Apps. 1967); State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967).

 As to the alleged failure of the attorney to advise defendant, such is not sufficient to constitute a basis for granting post-conviction relief. As stated in Simpson v. State, 164 So.2d 224 (Fla.App.1964):

"Appellant's first allegation is simply that the state-appointed attorney did not spend any time with the accused. The Federal Courts, with which we agree,

have already ruled that the competence of counsel can not be determined by the amount of time he spent or failed to spend with the accused. Such an allegation, therefore, does not constitute grounds upon which relief could be granted, even if proven. The failure of an attorney to confer with his client, without more, can not establish the incompetence of that attorney."

See also Goforth v. United States, 314 F. 2d 868 (10th Cir. 1963); Brinegar v. United States, 290 F.2d 656 (6th Cir. 1961).

There has been no suggestion that the person appearing before the court in the revocation proceedings and who is now confined in the New Mexico State Penitentiary, is not the same person who was convicted on August 26, 1966, upon his plea of guilty. In a handwritten motion, which was prepared by him, and which he verified under oath, defendant recites that he is the same person. The only issue triable to a jury in a revocation proceeding is that of identity, State v. Raines, supra; State v. Peoples, supra; State Ex parte Lucero, supra. Nothing was charged against defendant as the basis for the revocation which raised any question of identity, and no question of identity exists.

The only other matter presented by defendant's motion is his claim that he was required to testify against himself. He was not called or sworn as a witness, but was advised by the court as to the nature of each charge made against him and was asked whether or not the charge was true. Thereby he was given an opportunity to admit or deny the charge. He was also given an opportunity to explain his plea to each charge, and in some instances he offered an explanation.

We cannot agree that this constituted compelled, coerced or required testimony by defendant against himself. These proceedings were in the nature of an arraignment. See State v. Sexton, 78 N.M. 694, 437 P.2d 155, decided January 12, 1968 and not yet reported; United States v. Aurandt, 15 N.M. 292, 107 P. 1064, 27 L. R.A.,N.S., 1181 (1910).

The initial statements and questions of the trial court concerning the judgment of August 26, 1966, and the subsequent order of probation of August 22, 1966, a copy of which was received by defendant, and the answers made by defendant to the respective charges, indicate that defendant clearly understood the nature of the proceedings and the effect of his plea to each of the charges. In any event, the court was under no obligation to explain the effects of defendant's plea to each charge, because he was represented at the hearing by competent counsel. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967).

After defendant had entered his plea to each of the charges, the State offered evidence, by way of testimony under oath, which supports the revocation.

The order denying the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.