462 P.2d 467

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Fermin R. PADILLA, Defendant-Appellant.**

**No. 382.**

Court of Appeals of New Mexico.

Nov. 26, 1969.

Glen L. Houston, Williams, Johnson, Houston & Reagan, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Oliver H. Miles, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

OMAN, Judge.

The sole issue in this case is whether the trial court erred in revoking defendant's probation without a jury trial as to his identity.

The case is before this court on appeal from a judgment of the trial court denying, after hearing, defendant's motion under Rule 93 [§ 21-1-1(93), N.M.S.A. 1953 (Supp.1969)].

Defendant relies on State v. Peoples, 69 N.M. 106, 364 P.2d 359 (1961), wherein it was held a defendant in a revocation proceeding is entitled to a trial by jury on the question of identity. However, in the Peoples case, the defendant denied she was the same person charged with the commission of the felony which was relied upon as the basis for the revocation of the suspension of her sentence. Thus, there was an issue as to identity to be tried to a jury.

In the present case, the trial court, after a hearing on defendant's Rule 93 motion, found defendant at all times admitted he was the person who had previously been convicted of aggravated battery and was also the same person who had committed the acts which constituted the basis for the revocation of his probation. This finding is clearly supported by the record and is not attacked. Therefore, there was no issue raised and no issue to be tried as to identity. See State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967).

As in State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968), there has been no suggestion that the person appearing before the trial court in the revocation proceedings, and who is now in the penitentiary, is not the same person who was convicted and sentenced to the penitentiary for aggravated battery. Defendant recites in his handwritten motion verified under oath that he is this person.

The judgment denying defendant's motion for relief under Rule 93 should be affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.