579 P.2d 1255

**STATE of New Mexico, Petitioner,**

v.

**Lawrence MENDOZA, Respondent.**

**No. 11823.**

Supreme Court of New Mexico.

June 9, 1978.

concealed weapon and revoked probation. Mendoza denied that he was the Lawrence Leroy Mendoza convicted in another case of carrying a concealed weapon. He appealed the revocation of his probation to the Court of Appeals which reversed. The Court of Appeals held that Mendoza was entitled to a jury trial on the issue of whether he was the person convicted of carrying a concealed weapon. We granted certiorari and reverse.

The Court of Appeals relied in part on the case of *Ex Parte Lucero*, 23 N.M. 433, 168 P. 713 (1917). The *Lucero* case holds that a defendant is entitled to a jury trial in a revocation proceeding if he pleads "want of identity of himself and the person originally sentenced." *Id.* at 439, 168 P. at 715. In its opinion in the present case, the Court of Appeals cited *State v. Wolfer*, 53 Minn. 135, 54 N.W. 1065 (1893), in explaining the rationale behind the *Lucero* case:

> "According to the course of common-law practice, the only issue that must be tried by a jury is whether the prisoner is the same person who was convicted. The reason for this is that otherwise a person might be remanded to suffer punishment who has never been tried by a jury." There is no problem in this case as to whether the defendant in the probation revocation proceeding was the person originally sentenced.

*State v. Mendoza*, 17 N.M.St.B.Bull. 2343, 2344 (1978).

The Court of Appeals then followed two decisions from this Court, *State v. Peoples*, 69 N.M. 106, 364 P.2d 359 (1961) and *Blea v. Cox*, 75 N.M. 265, 403 P.2d 701 (1965). These cases expanded *Lucero* by granting a probationer the right to a jury trial if he claimed he was not the person who committed the act relied upon for revocation. We reverse *Peoples* and *Blea* on this issue.

In the present case, Mendoza was entitled to a jury trial on the original larceny charge. He chose not to exercise that right when he entered his guilty plea. It was within the discretion of the trial court to place him on probation. The trial court revoked probation when, after a hearing, it

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for petitioner.

Charles R. Finley, Albuquerque, for respondent.

## OPINION

PAYNE, Justice.

Mendoza pleaded guilty to larceny and was sentenced to serve one to five years in the penitentiary. The sentence was suspended and he was placed on probation for two years. Later, the State sought a revocation of his probation and a hearing was held. The sentencing court found that Mendoza violated probation by carrying a

was satisfied that Mendoza violated the terms of probation.

 Mendoza's right to a jury trial for any new offense charged is not affected. The holding in this case does not affect the other rights of a probationer in a revocation hearing. A probationer has a right to a hearing on whether he has violated the conditions of his probation. *Blea, supra; Peoples, supra; State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968). Probation is not a right but a privilege. A revocation hearing is not a criminal proceeding and the same procedural safeguards that attach to a criminal proceeding do not always apply to revocation hearings. *Brusenhan, supra.* A probationer is "a person convicted of an offense, and the suspension of his sentence remains within the control of the court." *Burns v. United States*, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932).

In *Brusenhan* the Court adopted the following language from *Sparks v. State*, 77 Ga.App. 22, 47 S.E.2d 678 (1948), in setting the proper standard in a revocation hearing:

> "In a hearing of this character a violation of the conditions of probation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt. * * *"

*Brusenhan*, 78 N.M. at 766, 438 P.2d at 176.

There was substantial evidence to support the trial court's decision that Mendoza violated the terms of his probation. The Court of Appeals is reversed and the decision of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY and FEDERICI, JJ., concur.

SOSA, J., dissenting.

SOSA, Justice, dissenting.

I cannot agree with the majority opinion. I would not reverse *State v. Peoples*, 69 N.M. 106, 364 P.2d 359 (1961) nor *Blea v.*

*Cox*, 75 N.M. 265, 403 P.2d 701 (1965) since I believe those cases reflect good law. The right involved is a substantial right and should not lightly be set aside for either administrative convenience or judicial economy. Therefore, I respectfully dissent.