This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                         **NO. A-1-CA-37042**

**SILVERIA AGUILAR,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant has appealed from the revocation of her probation. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant

has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue repetition here and focus instead on the content of the memorandum in opposition and motion to amend.

{3}    To begin with the issue originally raised, we understand Defendant to continue to argue that the district court abused its discretion by revoking her probation and requiring her to serve the balance of her sentence. [MIO 3-6] However, in light of her admitted violation, [MIO 2] as well as the acknowledged legality of the sentence, [MIO 3] the district court acted well within its discretion. *See generally* NMSA 1978, § 31-21-15(B) (2016); *State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768 ("There is no abuse of discretion if the sentence imposed is consistent with the applicable statutory provisions."). Although we understand Defendant to suggest that lesser sanctions would have been appropriate, [MIO 3-4] the district court could reasonably have differed in its assessment. In the final analysis, the district court was under no obligation to continue Defendant's probation. *See generally State v. Mendoza*, 1978-NMSC-048, ¶ 5, 91 N.M. 688, 579 P.2d 1255 ("Probation is not a right but a privilege.").

{4}    By her motion to amend, Defendant seeks to argue that the sentence imposed in this case constitutes cruel and unusual punishment. [MIO 4-6] However, insofar as

2

Defendant entered an unconditional plea, [MIO 5; RP 66, 197] this argument is foreclosed. *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 14, 16, 146 N.M. 251, 208 P.3d 896 (declining to consider the merits of a claim that a lawful sentence imposed following the entry of an unconditional plea constituted cruel and unusual punishment, on grounds that such a plea effectively waives the right to challenge the constitutionality of such a sentence on appeal, and observing that "a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal"). We therefore deny the motion to amend. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that if the issue which the defendant seeks to add to the docketing statement is not viable, the motion to amend will be denied).

{5} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**HENRY M. BOHNHOFF, Judge**