This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40237**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BRIAN STOTTS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's order revoking his probation. Defendant contends the evidence is insufficient to show that his conduct constituted attempted robbery [BIC 4-5], and even if it is sufficient, the district court abused its discretion by revoking his probation because Defendant did not intend to hurt anyone and should have been given behavioral health treatment. [BIC 5-6]

**{3}** Our case law indicates that this Court does not need to address the sufficiency of the evidence to support multiple violations of the terms of a defendant's probation because "if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493. In the current case, the district court revoked Defendant's probation for violating two terms of his probation: (1) he violated a law by committing the crime of attempted robbery; and (2) he purchased alcohol. [RP2 327, 330-332, 376] Although under *Leon*, we do not need to address the sufficiency of the evidence that Defendant's conduct constituted attempted robbery, if there is sufficient evidence that Defendant purchased alcohol in violation of his probation, we do so given the qualitative difference between the two grounds for revoking Defendant's probation in this case. *See id.*; *see also State v. Marquart*, 1997-NMCA-090, ¶¶ 8, 20-21, 123 N.M. 809, 945 P.2d 1027 (holding that remand is appropriate for the revoking court to consider whether the remaining, affirmable motor vehicle violation warrants revocation if the drug and drug paraphernalia charges, constituting other probation violations cannot stand).

**{4}** Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. On appeal, we "view[] the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. "The burden of proving a violation with reasonable certainty lies with the [s]tate." *Green*, 2015-NMCA-007, ¶ 22. "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non[]compliance." *Leon*, 2013-NMCA-011, ¶ 36 (internal quotation marks and citation omitted).

**{5}** At the probation revocation hearing, the following testimony was given by Davina Garcia, the clerk at the Allsup's where Defendant was accused of purchasing alcohol and committing attempted robbery.[1] Ms. Garcia testified that Defendant was a regular customer at the Allsup's and purchased a bottle of Crystal Palace vodka with cash. [CD 10/30/20 8:35:40-8:36:29, 8:39:17-:19] She also testified that not long after Defendant

---

[1] We note that the brief in chief did not provide this Court with all facts necessary to a consideration of the issues presented on appeal. *See* Rule 12-318(A)(3) NMRA (requiring briefs in chief to contain "a summary of the facts relevant to the issues presented for review"). We also note that Administrative Order, No. 2021-002, creates a pilot project that is "focused on accelerating the processing of criminal appellate cases in which the defendant is represented by the Law Offices of the Public Defender." This purpose is frustrated if this Court is unable to rely on briefs from the appellant that do not provide a sufficient summary of the facts relevant to the issues under review. We advise counsel to carefully follow Rule 12-318(A)(3) and orders of this Court, including the Administrative Order, in future briefing filed with this Court.

purchased the alcohol, he returned to the Allsup's and was on his cell phone for a long time, standing off to the side, before coming to the counter. [Id. 8:37:20-8:38:00] After a time, Defendant, a large man, walked up to the counter, and held up his phone to Ms. Garcia's face. [Id.] The message Ms. Garcia read on Defendant's phone stated that this is a robbery, told Ms. Garcia to give him all her money, and stated that Defendant did not have a weapon. [Id. 8:38:00-:15] Ms. Garcia testified that she looked at Defendant and was so terrified by the look in his eyes, that she jumped back and said, "Oh my God! What are you doing?" [Id. 8:38:15-:26] Ms. Garcia stated that because Defendant was a regular customer, she was familiar with Defendant and was terrified at that moment because of the serious look in his eyes, the dilation of his pupils, and because he was sweating profusely from his face and head. [Id. 8:49-45-8:50:44]

{6}     Ms. Garcia stated that she "started freaking out" and Defendant "started freaking out, too." [Id. 8:38:26-:35] She said Defendant got nervous, paced around the store, then walked in and out of the store within a matter of seconds. [Id. 8:38:38-:50] Ms. Garcia stated that she was really scared and kept putting her arms in the air whenever Defendant would come back into the store, and that Defendant was waving his arms around. [Id. 8:38:50-8:39:19, 8:53:20-:26] Ms. Garcia testified that Defendant told her he had to do this because they were charging him $10,000 for his son's funeral. [Id. 8:56:44-8:57:04] Ms. Garcia explained that she thought Defendant was trying to justify why he was robbing her, that she took the threat of the robbery seriously, and that she was scared for her life. [Id. 8:42:12-:30, 8:56:03-:08]

{7}     After going in and out of the store and explaining why he was robbing Ms. Garcia, Defendant eventually purchased a cigarillo and left the store without taking anything. [BIC 3, 5]

{8}     "Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." NMSA 1978, § 30-16-2 (1973). "Attempted robbery is 'an overt act in furtherance of and with intent to commit [robbery] and tending but failing to effect its commission.'" *State v. Bernal*, 2006-NMSC-050, ¶ 19, 140 N.M. 644, 146 P.3d 289 (quoting NMSA 1978, § 30-28-1 (1963) (attempt statute)).

{9}     We conclude that the State satisfied its burden of proving a violation of laws with reasonable certainty, and Defendant did not provide evidence of an excuse for noncompliance. Defendant's cell phone message informed Ms. Garcia that Defendant was robbing her; his statement explained why he was robbing her, evincing an intent to do so; and the look in Defendant's eyes, his posture, and his demeanor conveyed a threat to Ms. Garcia, indicated that he was serious about it, and caused her to fear for her life. These actions, though not openly violent, were threatening and constitute adequate evidence from which "a reasonable and impartial mind would be inclined to conclude," *Leon*, 2013-NMCA-011, ¶ 36, that Defendant made "an overt act in furtherance of and with intent to commit [robbery] and tending but failing to effect its commission." *Bernal*, 2006-NMSC-050, ¶ 19 (internal quotation marks and citation omitted).

**{10}** Also, Ms. Garcia's testimony that Defendant purchased the bottle of vodka provides sufficient proof that Defendant violated the condition of his probation that he not possess alcohol. [RP2 331] *Cf. State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (indicating that the testimony of a single witness constitutes sufficient evidence to uphold a conviction). While this violation alone constitutes adequate grounds upon which to affirm the revocation of Defendant's probation, *see Leon*, 2013-NMCA-011, ¶ 37, the evidence used as proof that Defendant committed attempted robbery combined with his possession of alcohol persuades us that the revocation of Defendant's probation is amply supported and should be affirmed.

**{11}** To the extent Defendant claims that the district court abused its discretion by revoking his probation because he did not intend to hurt anyone and he was doing well on probation until his six-year-old son died in a house fire [BIC 3, 5-6; RP2 332], we are not at liberty to control the district court's broad discretion when a probation violation is established to impose any particular remedy authorized by statute. *See* NMSA 1978, § 31-21-15(B) (1989, amended 2016) (permitting the district court, after a probation violation is established, to "continue the original probation, revoke the probation and either order a new probation with any condition provided for in [NMSA 1978,] Section[s] 31-20-5 [(2003)] or [-6 (2007)] or require the probationer to serve the balance of the sentence imposed or any lesser sentence" or for deferred sentences, "the court may impose any sentence which might originally have been imposed"); *see also State v. Rivera*, 2004-NMSC-001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (explaining that "[t]he probation statutes themselves are structured in such a manner to give the sentencing court the broad power to ensure that the goal of rehabilitation is indeed being achieved," noting that Section 31-21-15 provides many options to the district court and encompasses such a broad power of revocation "as to allow the court to revoke a defendant's probation based on a defendant's misbehavior occurring before the commencement of probation"). As our courts have long recognized, "[p]robation is not a right but a privilege." *State v. Mendoza*, 1978-NMSC-048, ¶ 5, 91 N.M. 688, 579 P.2d 1255; *see id.* ("A probationer is a person convicted of an offense, and the suspension of his sentence remains within the control of the [trial] court" (internal quotation marks and citation omitted)).

**{12}** For the foregoing reasons, we hold that Defendant has not established error in the revocation of his probation and affirm.

**{13}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**