·264 P.2d 850

**Ex parte S. H.**

No. 8006.

Supreme Court of Utah.

Dec. 15, 1953.

William L. Beezley, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Atty. Gen., Ken Chamberlain, Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a denial of petition for habeas corpus. Affirmed, no costs awarded.

The divorced petitioner, mother of a 13 year old, after time for appeal had expired, urged in her petition before the District Court, that the Juvenile Court erred in sending her son to the Industrial School because 1) he was too young, 2) there was no finding that she was unfit to have his custody and 3) that her son was returned to the School without a hearing after he had been allowed to return to his mother.

As to 1) and 2): These matters are reviewable on appeal, but do not go to the Juvenile Court's jurisdiction, and are not subject to review or collateral attack in habeas corpus proceedings.[1] As to 3): Under our statutes the Public Welfare Commission, and hence its agency, the Industrial School, has continuing jurisdiction over a committed child, and may expand and contract the walls of the institution as the welfare of the child dictates.[2] However, it could not be construed to operate as a device for oppression, and this court, in a proper case, would not hesitate to intercede if it faced a situation where the authorities had acted under the statute without good reason, capriciously or arbitrarily. There appears to be no proof of any such unreasonableness in the record here.

We do not believe that a child placed on probation, after having been committed to the School, is entitled to a hearing before being taken back into custody, but we do believe that once a child is allowed to leave the institution for rehabilitation or because he appears already

1. U. S. v. Valante, 264 U.S. 563, 44 S.Ct. 411, 68 L.Ed. 850.

2. Title 64-6-8, U.C.A.1953.

to have been rehabilitated, the authorities must have good reason for returning him to the institution. The burden of proving lack of such good reason lies with him who contends it, and his proof should be not only more than preponderant, but something akin to that type of proof we ofttimes speak of as being clear and convincing.

Were the authorities unable to return a child released after commitment, without giving notice and without conducting a hearing, considerable mischief could result, the broad terminology of our statute would be somewhat meaningless, reasonable legislative control over domiciliaries would suffer at least partial emasculation, sovereign power over delinquents would be lessened and, as a practical matter, though it may not be seasoned with good legal reasoning, the School authorities naturally would be prone to hesitate in allowing a child his return to normal life, knowing the obstacles they would have to hurdle in returning him to the institution,—thus minimizing the chances for earlier redemption of many deserving children.

▮ In this case an offer of proof was made with respect to the fitness of the mother, but none as to the unreasonableness of the School authorities' action, the petition having stated only in the form of a conclusion that the boy had been returned without a "legal hearing," and the matter having been made the subject of but a brief colloquy between court and counsel. Consequently, the trial court was justified in refusing to entertain jurisdiction in a habeas corpus proceeding, to review the merits of the case before the Juvenile Court. There is no question but that the Juvenile Court had jurisdiction over children 13 years of age, and over the subject matter relating to parents' fitness to have custody. In truth, the Juvenile Court enjoys far wider jurisdiction and very well may commit a delinquent to the Industrial School for cause even though his parents are eminently fitted to have its custody.

Dehors the record we have learned that immediately following the habeas corpus proceedings the youngster here involved escaped, but that Mr. Beezley, his counsel, arduously worked, insisted and assisted in returning him to the School. We commend counsel's forthright attitude and ethical conduct.

McDONOUGH and WADE, JJ., concur.

CROCKETT, J., concurs in result only.

WOLFE, C. J., not participating.