WILLIAM G. THOMPSON, JR. *v.* STATE OF TENNESSEE.

(*Jackson,* April Term, 1955.)

Opinion filed May 6, 1955.

AARON C. BROWN, of Paris, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

268

Mr. Justice Burnett delivered the opinion of the Court.

The appeal in this case is from the revocation of a suspended sentence by the trial court after hearing the proof in the matter. The plaintiff in error had due notice under the statute and was present and offered himself and other evidence to counter the proof offered on behalf of the State of a subsequent violation of the liquor law after getting out of jail from serving part of a six months sentence.

The proof offered in behalf of the State, under the revocation of this sentence, was the same proof as offered in another case against the plaintiff in error upon which he was convicted and which is now pending before this Court. Of course the question of revocation was determined by the trial judge. After the trial judge had heard this proof pro and con he revoked the suspended sentence and remanded the plaintiff in error to jail to serve the balance of a six months sentence which had been subsequently imposed upon the plaintiff in error on his plea of guilty to the possession of liquor. It is true the proof in the case for this revocation is not overly strong but nevertheless the court had before it the witnesses pro and con and the court has thus determined their credibility that the plaintiff in error was handling liquor during this suspended sentence.

The proof in brief is that a highway patrolman on a very bright moonlit night saw a taxi-cab going by on a nearby street with its red top light, blinkerlight, going. This patrolman then seeing this cab going by the red blinker light going followed it and a short distance thereafter they saw the plaintiff in error get out of the cab and go back toward a post near a street corner and he had two bottles in his hands. The patrolman was frank to say they did not know what these bottles contained, whether whisky, vinegar or what not. When they went up to the cab a man by the name of Snow was driving the cab and he had a small amount of whisky in it. They charged the plaintiff in error with the possession of the liquor because he had these bottles there even though Snow said it was his liquor.

We think that under a motion for revocation, under this type of evidence, that it is clearly within the province of the trial judge to determine whether or not the suspended sentence should be revoked. To revoke a suspended sentence of the kind does not require the quantum of proof that is necessary to convict one of crime in the first instance. A suspended sentence granted by the trial judge in the first instance is granted on the theory and basis that the person whose sentence is suspended is punished sufficiently and that he will not violate the law again—that he will lead a lawful life. When it appears to the trial judge that his confidence in the prisoner, and his effort to aid the prisoner in suspending part of his sentence, has been violated then it is entirely within the rights of the trial judge to suspend such sentence. In the instant case the witnesses on both sides appeared before the trial judge and he was certainly the proper one to determine their credibility. We think that there is no error in the record and the judgment below will be affirmed.