Edna Davenport

*v.*

State of Tennessee.

381 S.W.2d 276.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

CLARENCE L. CUMMINGS, Murfreesboro, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for State.

470

Mr. Justice Felts delivered the opinion of the Court.

This is an appeal from an order of the trial court revoking a suspended sentence previously granted the plaintiff in error, Edna Davenport, herein called the defendant, for her admitted violation of the liquor law.

On February 25, 1963, the defendant pleaded guilty to a charge of the unlawful sale of intoxicating liquor and was sentenced to serve six months in the Rutherford County workhouse and pay a fine of $50.00. A petition, seeking a suspended sentence, was heard and granted by the trial judge "conditioned upon the defendant's not hereafter violating any of the laws of this state or being guilty of any misconduct inconsistent with good citizenship"; and he suspended the sentence.

On October 2, 1963, the Trial Judge, based upon an affidavit charging the defendant with the possession of intoxicating liquor, issued a bench warrant for her arrest charging her with having violated the terms and conditions of her suspended sentence.

A hearing was held on October 26, 1963, at which a police officer testified that he went to defendant's restaurant on September 13, 1963, armed with a search warrant and found a one-half gallon jug of whiskey from which four or five drinks had been poured for several people who were sitting in the dining area. The Sheriff of Rutherford County also testified and said that when he

went to the restaurant to serve the bench warrant on October 4, 1963, he found the defendant with a jug of white whiskey, and at that time she admitted that she had been illegally selling the liquor.

The court, after hearing this proof, found the defendant guilty as charged and accordingly entered a judgment revoking the suspended sentence and reinstating the original punishment. The defendant appealed in error charging that the bench warrant is void and that the Trial Judge erred in failing to suppress the evidence of the State's witnesses.

It is the defendant's contention that the bench warrant is insufficient to give reasonable notice that a hearing would be held to determine whether or not her suspended sentence should be revoked. We cannot agree with this insistence.

The bench warrant was issued upon a sworn affidavit of Denton Woodruff, the Murfreesboro policeman who arrested the defendant in the first instance. He swore that on February 25, 1963, she entered a plea of guilty to the charge of receiving and possessing intoxicating liquors and received a suspended sentence; that on September 13, 1963, she was raided by the police who found a large quantity of whiskey in her possession; and that she, therefore, has violated the conditions of her suspended sentence.

In addition to this information, the execution clause also put the defendant on notice as to the nature of her charge. It reads in pertinent part, as follows:

"TO ANY LAWFUL OFFICER OF RUTHERFORD COUNTY, TENNESSEE:

The foregoing affidavit having been made before me that Edna Davenport has committed the offense of violating the conditions of a suspended sentence imposed February 25, 1963, you are commanded in the name of the State to forthwith arrest and bring before me Edna Davenport on October 12, 1963, *to answer the charge of violating the conditions of her suspended sentence"* (italics ours).

The warrant was amended on October 19, 1963, to make the additional charge that when the warrant was served on October 4, the defendant was then in possession of a quantity of white corn whiskey, and that she, therefore, violated the law in regard to her suspended sentence, and that, "she is ordered to show cause, based upon the original and amended warrant, as to why her suspended sentence heretofore entered should not be revoked."

T.C.A. sec. 40-2907 (Supp.1963) provides that when it comes to the attention of a trial judge that a defendant released upon a suspended sentence has been guilty of violating the terms of the suspension he shall cause to be issued a warrant for the arrest of such defendant as in other criminal cases. But there is no provision in the statute as to the nature of the notice, if any, to be given the violator.

It is true T.C.A. sec. 40-2907, prior to the 1961 amendment, provided that a defendant (charged with violating the conditions of a suspended sentence) be given notice which "shall contain in brief form the nature of the charges made against" him. Even under that statute, however, all that was required of the notice was that the defendant have made known to him *generally* the charges

that he was called upon to defend. *Hooper v. State,* 201 Tenn. 156, 162, 297 S.W.2d 78 (1956).

■ Since the notice provision was completely deleted from the amended statute, we think it is obvious that the Legislature intended for the rule as laid down in *Hooper v. State,* supra, to control. Clearly, under that rule, the notice in the present warrant is sufficient to make known to the defendant generally the charges that she is called upon to defend. We, therefore, overrule this assignment of error.

■ Defendant also contends that the amendment to the bench warrant was improperly allowed and constituted reversible error. We cannot agree. It introduced no new cause of action, and merely served, we think, to state an additional ground upon which the original cause was based; and in *McGuire v. State,* 200 Tenn. 315, 320, 292 S.W.2d 190 (1956), we held such an amendment permissible even though filed more than a year after the warrant was served.

Defendant finally insists that it was error for the Trial Judge to fail to suppress certain evidence of the State's witnesses. Defendant contends that the search was illegal and all of the evidence obtained thereby inadmissible.

■■ We think this assignment of error overlooks the nature of a proceeding to revoke a suspended sentence. As said by Mr. Justice (now Chief Justice) Burnett in *Thompson v. State,* 198 Tenn. 267, 269, 279 S.W.2d 261, 262 (1955):

"To revoke a suspended sentence * * * does not require the quantum of proof that is necessary to convict one of crime in the first instance. A suspended

sentence granted by the trial judge in the first instance is granted on the theory and basis that the person whose sentence is suspended is punished sufficiently and that he will not violate the law again—that he will lead a lawful life. When it appears to the trial judge that his confidence in the prisoner, and his effort to aid the prisoner in suspending part of his sentence, has been violated then it is entirely within the right of the trial judge to suspend such sentence.''

■ The constitutional right to a fair trial is not involved in this proceeding. The defendant has already been tried and convicted upon her plea of guilty, and we must assume that she was fully protected and given a fair trial in that case. Here, in this proceeding, the Trial Judge is merely reviewing the question of revoking her suspended sentence, a matter which we hold to be wholly within his discretion. *Finley v. State,* 214 Tenn. 149, 378 S.W.2d 169 (1965).

■ As said by Mr. Justice White in the Finley case, supra:

''In the instant case the defendant was convicted by his own plea of guilty in the first instance. He was sentenced in accordance with the law. He was in no position to make any bargain. Under such conditions he placed himself on the mercy of the court by asking for a suspended sentence. * * * It was granted him in the discretion of the court and by its grace. One of the conditions placed upon him by this judge was 'not hereafter violating any laws of the State or being guilty of any misconduct inconsistent with good citizenship.'

\* \* \* \* \* \*

"In reviewing the action of the trial judge, pursuant to T.C.A. 40-2907 (Supp.1963), this Court examines the record and if, as in the instant case, we find the trial judge has exercised a conscientious judgment rather than an arbitrary one, then his judgment will be affirmed."

The general law governing the proceeding to revoke a suspended sentence is set out in 5 Wharton's Criminal Law and Procedure (Anderson ed., 1957), 392, which is quoted with approval in *Finley v. State,* supra:

"In those jurisdictions in which a provision is made for a hearing, the hearing is summary in nature. The defendant is not entitled to the same guarantees as a person who is not convicted and is merely on trial upon an accusation of crime; *the court is not bound* by the rule of evidence governing such a trial; and it is not necessary to prove beyond a reasonable doubt that the defendant has violated the conditions of the probation order." (italics ours).

■ Thus, all the assignments of error relating to the admission of allegedly illegal evidence are without merit and overruled; and, for the reasons set out above, the judgment of the Trial Judge is affirmed.