473 P.2d 901

Max M. JOHNSON, Plaintiff
and Appellant,

v.

John W. TURNER, Warden, Utah State
Prison, Defendant and Respondent.

No. 11728.

Supreme Court of Utah.

Aug. 26, 1970.

**440**

David S. Dolowitz, Salt Lake County Legal Services, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., R. Bruce Bybee, Lauren N. Beasley, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice.

This is an appeal from an order by Judge Allen B. Sorensen of the Fourth District Court dismissing a petition of Max M. Johnson for a writ of habeas corpus which attacks his conviction for grand larceny of two guitars from the Metro Music Center in American Fork, Utah. The order stated two bases for denying the writ: (1) that the matters raised therein were issues which should have been raised on appeal, and (2) that the application was repetitive, as the petitioner had previously filed a writ of habeas corpus which was denied by the Third District Court. On this appeal the petitioner seeks reversal of that order; and also a reversal of his conviction on the grounds that: (1) he was not permitted to have "witnesses in his own behalf" and (2) that he was denied the "right to appear and defend by counsel." [1]

Petitioner was originally tried by a jury for the crime of which he stands convicted in the Fourth District Court on February 8, 1968. He was represented by attorney Leon M. Frazier. The judgment and commitment under which he is held was entered March 1, 1968. No appeal was taken therefrom and the judgment became final on April 1, 1968.[2] In October 1968, six months after that judgment had become final, petitioner sought his release by filing a petition for a writ of habeas corpus in the Fourth District in connection with which he again had the assistance of attorney Frazier. That proceeding was transferred to the Third District Court wherein petitioner had the assistance of attorney LeRoy Axland of the Salt Lake County Legal Services Office. A hearing thereon was held on January 30, 1969. The trial judge, Stewart M. Hanson, caused an order to be entered on January 31, 1969, denying that petition. Again there was no timely appeal taken from that judgment. There was an abortive effort at an appeal filed belatedly on March 6, 1969, which was dismissed by this Court pursuant to an appropriate motion.

Four months after the termination of the first habeas corpus proceeding just dis-

---

1. See Utah Const. Art. I, Sec. 12.

2. Sec. 77–39–5, U.C.A.1953, appeal to be taken "within one month after the entry of the judgment appealed from."

cussed, on July 1, 1969, the instant proceeding was commenced by the filing of another such petition. This was in turn dismissed by Judge Sorensen and the instant appeal was taken from that order.

It is apparent that the charge of being deprived of his right to have "witnesses on his own behalf" is stated in that manner in order to bring into consideration the quoted constitutional phrase, but it does not actually involve lack of "witnesses." His contention of error in that regard relates to a ruling of the trial court sustaining an objection to certain proffered evidence. In the morning session of the trial Dan Newell had testified concerning the theft of two guitars from his music store. In the afternoon one Kenneth Smith made it known to defense counsel that he would testify in behalf of petitioner Max Johnson that he had heard Dan Newell say in a conversation that he had given Johnson permission to take the guitars to raise some money on them. Upon Smith taking the stand and being asked about this conversation, an objection was made on the ground of hearsay.

■ The trial court stated that he sustained the objection, "not to the evi-

dence, but to the manner in which you are endeavoring to place it before the jury," apparently intending to indicate that as impeachment of the testimony of Dan Newell no proper foundation had been laid. Howsoever that might be, due to the considerations mentioned below and the fact that this case is thus disposed of on procedural grounds, it would serve no useful purpose to discuss the merits of this ruling on evidence, or the effect it may or may not have had upon the outcome of the trial.[3]

■ The petitioner's charge of being deprived of the "rights to appear and defend * * * by counsel" is likewise stated in such a manner as to draw into consideration the quoted constitutional phrase. We are firmly committed to the right of an accused to have competent counsel to assist in safeguarding his rights at all essential stages of a proceeding against him.[4] But the complaint petitioner makes does not actually involve lack of an attorney. As will be seen from the recitation of facts above, he had an attorney at his original trial, and at each of the subsequent habeas corpus proceedings, including this one. In order to excuse the failure

---

3. That there should be no reversal of a judgment for mere error, but only if substantial and prejudicial, see Sec. 77-42-1, U.C.A.1953; State v. Estes, 52 Utah 572, 176 P. 271; State v. Myers, 15 Utah 2d 130, 388 P.2d 801.

4. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; and Alires v. Turner, 22 Utah 2d 118, 449 P.2d 241, and authorities therein cited.

to take a timely appeal he now asserts that attorney Leon M. Frazier, who he concedes in his brief gave him competent representation at the trial, did not properly advise him as to his right to appeal and how to do so. Inasmuch as this is something which does not take place in court, the record is silent as to whether Mr. Frazier did or did not advise petitioner in that regard. There is no affirmative showing in the record that Mr. Frazier did not advise petitioner concerning his right to appeal.[5] Petitioner's argument rests solely upon his own averment in this proceeding. If any inference were to be drawn on the matter the likelihood is to the contrary. Where a person is represented by a member of the Bar in good standing; and where, insofar as the record discloses, he represented the accused in a diligent and capable manner, it seems fair to assume that he similarly fulfilled his duties in other respects and advised him concerning his rights.

■ Thus, in summary, we have a situation where the petitioner, with adequate representation by counsel, has had a jury trial which resulted in a verdict of guilty; a judgment was entered thereon from which no appeal was taken and it thus became final.[6] Any defect or error there may have been therein should have been the subject of an appeal. And beyond this, there is the adjudication on his previous petition for a writ of habeas corpus. If there had been any substantial failure to accord the petitioner his rights in connection with his original trial, that failure was as well known to him and his counsel at the time of the first habeas corpus proceeding as it was at the time of filing this one. Therefore those matters should be deemed res adjudicata because of the finality of that judgment.[7] So the finality

5. That in habeas corpus proceeding burden is upon petitioner to prove facts to entitle him to relief see McGuffey v. Turner, 18 Utah 2d 354, 423 P.2d 166; Wilson v. Hand, 181 Kan. 483, 311 P.2d 1009; State v. Lopez, 79 N.M. 235, 441 P.2d 764.

6. That such a judgment is final and not ordinarily subject to attack for matters which could have been reviewed on regular appeal see Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121, noting discussion by Justice Murphy in Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356; see also Ex parte S. H., 1 Utah 2d 186, 264 P.2d 850.

7. See discussions in Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968; and Velasquez v. Pratt, 21 Utah 2d 229, 443 P.2d 1020, and authorities therein cited on proposition that where error is something which is known to the party at the time of judgment, or of previous application for writ, the previous judgment is res adjudicata and not proper subject for subsequent application; and cf. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

of petitioner's judgment and conviction was in double depth before the instant proceeding was commenced.

█ It makes veritable mockery of the rules of procedure to permit a person to ignore the time limitations for taking procedural steps and obtain an appellate review of a judgment at any time he takes a notion by a habeas corpus proceeding. The efficient and orderly administration of justice and respect for the finality of judgments regularly arrived at demand that the merry-go-round of litigation stop somewhere. Notwithstanding the foregoing, we note here and reaffirm our previously stated position that where it appears that there has been such miscarriage of justice that it would be unconscionable not to reexamine a conviction, and that for some justifiable reason an appeal was not taken thereon, we do not regard rules of procedure as being so absolute as to prevent us from correcting any such obvious injustice.[8] Nevertheless, on the basis of what we have said herein, we have found nothing in this case to persuade us to disagree with the ruling of the trial court in dismissing the petition.

Affirmed. No costs awarded.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

8. See Brown v. Turner, footnote 7 above.