STATE OF NEBRASKA, APPELLEE, v. RAYMOND JOSEPH CASE, APPELLANT.

203 N. W. 2d 492

Filed January 12, 1973.   No. 38548.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, Raymond Joseph Case, appeals from

an order of the district court revoking his probation and imposing a 2 to 5 years sentence on his original burglary conviction.

On October 12, 1971, following a guilty plea, the defendant was convicted on a charge of burglary. December 10, 1971, defendant was placed on 2 years probation. January 20, 1972, the defendant was charged with a violation of the terms of his probation by receiving property stolen in a burglary which occurred in Omaha, Nebraska, on January 6, 1972.

The evidence at the revocation hearing, at which the defendant was represented by counsel, established that the defendant was riding as a passenger in an automobile which had been used as a ram to break into a business establishment less than $2\frac{1}{2}$ hours earlier. The car was driven by the defendant's brother who testified that he had broken into the business establishment by himself. Subsequently, the police discovered a vending machine coinbox which had been concealed under the dashboard of the automobile. The defendant's fingerprint was found on the coinbox. The coinbox had been stolen in the burglary of January 6. Defendant's brother testified that he was the one who concealed the coinbox. He attempted to explain the presence of defendant's fingerprint as the result of picking up the box without any guilty knowledge.

After a full hearing, the district court found the defendant guilty of a violation of the probation order. The court found that at the time and place charged the defendant did in fact conceal property of value with the intent to defraud the owner thereof. Thereafter, the district court imposed an indeterminate sentence of not less than 2 nor more than 5 years in the Nebraska Penal and Correctional Complex.

The defendant in this court contends, in effect, that when the evidence is insufficient to sustain a direct original criminal conviction, it is insufficient to sustain a revocation of probation. We disagree. The two pro-

cedures cannot be so easily equated, nor do they balance each other in the scales of justice. A revocation of probation does not require all the formalities of criminal procedure required for an original conviction of crime. Technical formality and preciseness of charge are unnecessary. State v. Ward, 182 Neb. 370, 154 N. W. 2d 758.

The finding that the defendant has violated the terms of his probation need not be established beyond a reasonable doubt but must be established by clear and satisfactory evidence. Phoenix v. State, 162 Neb. 669, 77 N. W. 2d 237.

While much of the evidence was circumstantial, that does not destroy its probative force nor neutralize all proper inferences which might be drawn from it. Even if it be assumed the evidence here was insufficient to establish beyond a reasonable doubt that the defendant was guilty of burglary or receiving stolen property, nevertheless it was clearly sufficient to establish a violation of the conditions of probation.

AFFIRMED.