THE PEOPLE OF THE STATE OF NEW YORK ex rel. JO LEE WOODRUFF, Respondent-Appellant, *v.* VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Appellant-Respondent.

Fourth Department, February 16, 1973.

*Louis J. Lefkowitz, Attorney-General (Richard H. Dawson* and *Ruth Kessler Toch* of counsel), for appellant.

*Nathaniel A. Barrell (Edward L. Chassin* of counsel), for respondent.

MARSH, J. P. This is an appeal by respondent from a judgment in a habeas corpus proceeding in Wyoming County Court, remanding relator to the authorities of Cattaraugus County for further proceedings on his indictment.

Relator was indicted for burglary third (5 counts) and grand larceny third (4 counts) involving five unrelated criminal incidents occurring over a period of several months. Following arraignment, assignment of counsel and entry of a not guilty plea, relator withdrew his plea of not guilty and entered a plea of guilty to the first and second counts of the indictment charging burglary third and grand larceny third, in satisfaction of the entire indictment. Several weeks later, represented by the same counsel, relator was sentenced to a maximum of seven years on his plea to burglary third and to a maximum of four years on his plea to grand larceny third, such sentences to run concurrently.

At the hearing on the return of the writ counsel for the relator moved " to amend the petition to cover the Boykin issue ". No factual allegation was made in support of the amendment which was granted by the court. Relator now urges that the failure of the County Court prior to the acceptance of his guilty plea to enumerate specifically each of the three rights mentioned in *Boykin* v. *Alabama* (395 U. S. 238) relating to self incrimination, confrontation and jury trial and to secure his expressed waiver of those rights leaves a record inadequate to establish that the plea was intelligent and voluntary as required by *Boykin.* We do not find such inadequacy in the record.

On arraignment relator was advised of his right to counsel, he requested counsel, counsel was assigned and the arraignment was adjourned for a week. On the adjourned date, with counsel present, relator pleaded not guilty to the entire indictment and the proceedings were adjourned for one week. On the following adjourned date the Judge's minutes and the Clerk's minutes show that the relator appeared before the court with his attorney present; that counsel advised the court that relator wished to withdraw his not guilty plea and enter a plea to the first two counts of the indictment to cover all others in the indictment and that the court questioned relator as to whether he understood that a plea to the first and second counts would be a felony in each case and that he answered in the affirmative. The court then asked relator if he had discussed the plea with his attorney and if any plea he might enter would be of his own free will and without any threat or promise on behalf of his attorney, the District Attorney or the court to induce him to enter such

plea and that the relator answered in the affirmative. The court approved the withdrawal of the not guilty plea to the first and second counts and the relator then entered, in satisfaction of the entire indictment, a plea of guilty to the first count charging burglary third and the second count charging grand larceny third after the reading of such counts to him. Upon his appearance with counsel for sentence eight weeks later he stated that he had no legal cause to show why sentence should not be pronounced.

From the record, while there was no formal catechism of questions to relator as to his knowledge of his rights, it does appear that he was represented by counsel throughout the proceedings, which were not hurried, and that each step followed a lapse of time of at least a week; that the court fairly advised the relator as to the consequences of his plea and by his examination of relator provided a proper basis for his determination that the plea was voluntary, and further, that the relator sought and received the benefit of a plea that resulted in the dismissal of seven counts of a nine count felony indictment.

The court in *Boykin* (395 U. S. 238, 240, *supra*) after pointing out that the Judge did not question the defendant and defendant did not address the court prior to entering his plea, observed that: " Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on this point and throws no light on it."

Relator's plea, voluntarily entered under the facts shown on the record, clearly evidenced his disposition to avoid a trial on the nine counts of the indictment, which would have accorded him the rights, the deprivation of which he now complains. That he voluntarily chose not to risk his chances on a trial and not to litigate the question of his guilt on the nine charges but rather to exact a bargain plea to two counts in satisfaction of the whole indictment, should not now permit him to assert prejudice resulting from the deprivation of rights that would have accrued to him on a trial. Relator makes no allegation of innocence or ignorance of the rights waived by his plea of guilty. The language of Judge BREITEL in *People* v. *Nixon* (21 N Y 2d 338, 355) is particularly pertinent in considering the issue raised by relator: " A ritualistic form just because it may save the trouble of thinking is likely to eliminate thinking (see, e.g., American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Tent. Draft, *supra*, p. 32). An oral questionnaire can become just as mechanical as one printed. The taking of the guilty plea should not

be made that easy for the defendant or the court or his lawyer. Moreover, there is a weakness in the catechism system, one which some may think can be avoided if legislation were devised to cover the area in question. It should never be enough to undo a plea because of some omission in inquiry at the time of plea without a showing of prejudice."

In *Boykin* the defendant's plea of guilty to the five indictments returned against him charging capital offenses, was entered three days after arraignment without any inquiry being made by the court as to the circumstances of the plea, and the court held (p. 242) that "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary."

The court then pointed out that the privilege against self incrimination, the right to a jury trial and the right to confrontation are all involved in the waiver that takes place when a plea of guilty is entered and that such a waiver cannot be presumed from a silent record.

Under all the circumstances of the bargain plea shown here it is readily apparent that we are not dealing with a "silent record", but rather with one which clearly demonstrates affirmatively that defendant's plea was intelligently and voluntarily entered.

We find no merit in the points raised by relator on his cross appeal.

The judgment should be reversed and the writ dismissed.

MOULE, CARDAMONE, SIMONS and HENRY, JJ., concur.

Judgment unanimously reversed and writ dismissed.