■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NOVEL E. CARTER, Appellant.— Appeal from an amended judgment of the County Court, Albany County, rendered August 8, 1972, which revoked defendant's probation and remanded him to three years custody with the State Department of Correction. Defendant, convicted of assault in the first degree, was sentenced on August 18, 1972 to probation for a five-year term. The terms of probation were assertedly read to him and signed by him acknowledging awareness of such terms and a copy thereof given to him. One such term prohibited defendant from possessing "any firearm of any description or any other dangerous weapon." The record contains testimony from one Jean Warner, who was living with defendant, that he pointed a loaded double-barreled shotgun at her and struck her. The finding of a probation violation must only be supported by a preponderance of the evidence, not established beyond a reasonable doubt (CPL

410.70, subd. 3; *People* v. *Valle*, 7 Misc 2d 125). Defendant challenges the veracity of Jean Warner's version of what transpired on various accounts but this did no more than raise issues of fact and credibility for the Trial Judge's determination and we can find advanced here no basis to disturb his conclusions. Nor can we find any reason to disturb his discretion in sentencing defendant to three years' confinement especially in view of the acts of parole violation and defendant's past history of violence (Penal Law, § 70.00; see *People* v. *Johnson*, 25 A D 2d 842). Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.