■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK FISH, Appellant.—Appeal from an amended judgment of the County Court of Albany County, rendered May 19, 1975, which revoked defendant's prior sentence of probation and resentenced him to an indeterminate term of imprisonment not to exceed three years. In July of 1974 defendant pleaded guilty to a charge of burglary in the third degree and was thereupon sentenced to a period of probation. He was specifically warned that an established violation of the terms of that probation not only could but would result in the revocation of that sentence and the imposition of a sentence of imprisonment. Sharp issues of fact and credibility were developed at a hearing conducted in May of 1975 to determine whether the conditions of that sentence had in fact been violated, but these matters were within the province of the sentencing court to resolve (People v Carter, 43 AD2d 655). It obviously rejected defendant's account in revoking that sentence and we cannot say on this record that the violations found rest on less than a preponderance of the evidence (CPL 410.70, subd 3; People v Carter, supra). Nor are we persuaded that the resentence imposed is unduly harsh or excessive, especially in light of the prior admonition. No extraordinary circumstances have been advanced which would warrant our interference with the discretion exercised by the sentencing court (People v Slavin, 52 AD2d 1012). Judgment affirmed. Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TERRY, Appellant. Appeal from a judgment of the County Court of Warren County, rendered November 5, 1971, convicting defendant, upon his plea of guilty, of the crime of manslaughter in the first degree (Penal Law, § 125.20). The sole issue on this appeal is whether the defendant's plea was voluntarily entered. The record herein clearly demonstrates that defendant's plea, with the advice and consent of his counsel, was intelligently and freely given, voluntarily entered and fully met all applicable tests in that regard (People v La Ruffa, 34 NY2d 242; People ex rel. Woodruff v Mancusi, 41 AD2d 12). The court not only advised the defendant of his rights and the effect of such a plea, but also told the defendant the sentence he would receive if he pleaded guilty. Indeed, the defendant concedes that there is nothing in the record to imply lack of consent or coercion regarding the plea. Bare allegations by the defendant are insufficient. Judgment affirmed. Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.