■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN R. MEYER, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered February 5, 1976, which resentenced defendant upon his violation of probation to an indeterminate term of imprisonment not to exceed three years. Indicted by the Rensselaer County Grand Jury for the crimes of burglary in the third degree (Penal Law, § 140.20), criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1) and criminal possession of stolen property in the third degree (Penal Law, § 165.40), defendant pleaded guilty to burglary in the third degree in full satisfaction of the indictment and, on November 10, 1975, was sentenced to a term of probation for five years. Included in the conditions of his probation was a requirement that he take up residence in a facility, i.e., Camp McCormick, maintained by the New York State Division for Youth and remain there until discharged according to law, and he was further specifically warned by the sentencing Judge that, should he willfully leave said facility without being discharged, he would be sent to State prison. Thereafter, when he admittedly left Camp McCormick without permission, he was

again brought before the same court and sentenced to an indeterminate term of imprisonment not to exceed three years in the custody of the State Department of Correctional Services for his violation of probation. On this appeal, defendant initially contends that the trial court was without authority to delegate its responsibility to specify the conditions of his probation, but we find that there was no unauthorized delegation of responsibility. An examination of the record reveals that, on November 10, 1975, defendant signed a statement wherein the conditions of his probation were specified by the court and he acknowledged that he understood the conditions. Moreover, the direction of the court that he was to remain at the youth facility "until discharged according to law" merely indicated that he would be at the facility for a maximum period of two years (see Penal Law, § 65.10, subd 2, par [g]). In our view, such a provision was plainly in no way violative of the statutory requirements that the court specify the conditions of probation (CPL 410.10, subd 1) or that it direct the period of time defendant was to spend at the facility (Penal Law, § 65.10, subd 2, par [g]), particularly in light of the court's discretion in setting the terms of probation (Penal Law, § 65.10, subd 1). Defendant's remaining contentions are similarly without merit. Since he concededly violated what we have herein determined to be an authorized condition of probation, the revocation of his probation was proper, and no extraordinary circumstances have been presented which would warrant our disturbance of either his original sentencing or his resentencing *(People v Fish,* 53 AD2d 778; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.