### (July 17, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. WILLI, SR., Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 25, 1978, which revoked defendant's probation and imposed sentence of imprisonment with a maximum period not to exceed three years. The sentence herein was imposed upon the defendant

upon his plea of guilty of violating the conditions of his five-year probationary term, which had been imposed upon his conviction in 1977 of driving while intoxicated, a class E felony. One of the conditions of his probation, of which the defendant was duly notified, was "not to operate a motor vehicle or motorcycle during the period of probation". On May 6, 1978, the defendant was arrested and charged with operating a motor vehicle while under the influence of alcohol, when the vehicle he was driving was involved in an accident which caused personal injuries. The plea of guilty of the violation of probation was knowing and voluntary and without any promises having been made, and it was accepted in full satisfaction of the indictment which charged him with driving under the influence of alcohol, in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law, as a class E felony based on the prior conviction. Revocation of the defendant's probation was proper when he concededly violated a condition of his probation *(People v Meyer,* 59 AD2d 798), and the commission of a crime is sufficient ground for revocation of probation *(People v Crandall,* 51 AD2d 841). The sentence imposed in these circumstances was not unduly harsh or excessive *(People v King,* 55 AD2d 972; *People v Thiel,* 51 AD2d 1093) and should be affirmed. Judgment affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.