Lonny **MORISHITA**, Plaintiff and Appellant,

v.

Lawrence **MORRIS**, Warden of the Utah State Prison, and Thomas R. Harrison, Chairman, Utah State Board of Pardons, Defendant and Respondent.

No. 16846.

Supreme Court of Utah.

Nov. 20, 1980.

---

9. U.C.A., 1953, 70A-1-201(9).

10. In Accord: *State Security Co. v. Aviation Enterprises, Inc.*, 355 F.2d 225 (10th Cir. 1966).

Douglas E. Wahlquist, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

STEWART, Justice:

This appeal is from the denial of plaintiff's petition for a writ of habeas corpus.

Plaintiff contends that the trial court's failure to enter findings of fact and conclusions of law at his probation revocation proceedings resulted in a denial of due process. Plaintiff further contends that his subsequent acquittal of the charge which was the reason for the revocation of his probation should render the revocation invalid.

Plaintiff was convicted of aggravated robbery on January 16, 1978. On September 15 of that year he was sentenced to a term of imprisonment from five years to life. The execution of the sentence was stayed and plaintiff was placed on probation. A condition of the probation was that plaintiff was to have no weapons in his possession.

In May of 1979 plaintiff was arrested for obscene conduct and subsequently charged with possession of a dangerous weapon in violation of § 76–10–503, Utah Code Ann. (1953), as amended. A probation revocation proceeding was held in which plaintiff was found in violation of the conditions of his probation. The court ordered plaintiff committed to the Utah State Prison to serve his original sentence. No written findings of fact or conclusions of law were made, but a transcript of the proceedings was made.

Plaintiff asserts Rule 52(a), Utah Rules of Civil Procedure, required the trial court to enter findings of fact and conclusions of law at the probation revocation proceedings and that the court's failure to do so made it impossible for him to prepare and present a proper appeal from the order. See *Rucker v. Dalton*, Utah, 598 P.2d 1336 (1979).[1]

▮▮▮▮ A writ of habeas corpus is not an available remedy on the facts alleged in the

---

1. Plaintiff's additional contention that his acquittal of the criminal charge by a jury should conclusively determine his continued right to probation is not properly before this Court. Nevertheless, the decision of the lower court denying the petition despite the subsequent acquittal of the very charge which resulted in his probation revocation is not inconsistent with cases holding that proof beyond a reasonable doubt is not required in parole or probation revocation proceedings. *Adams v. Ross*, Alaska, 551 P.2d 948 (1976); *In re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249 (1976); *People v. Williams*, 66 Mich.App. 67, 238 N.W.2d 407 (1975); *Ewing v. Wyrick*, Mo., 535 S.W.2d 442 (1976); *State v. Case*, 189 Neb. 493, 203 N.W.2d 492 (1973); *State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (1968); *People v. Carter*, 43 A.D.2d 655, 349 N.Y.2d 813 (1973); *State v. Hewett*, 270 N.C. 348, 154 S.E.2d 476 (1967); *Thompson v. State*, 198 Tenn. 267, 279 S.W.2d 261 (1955); *Kelly v. State*, Tex.Crim., 483 S.W.2d 467 (1972); and *Slayton v. Commonwealth*, 185 Va. 357, 38 S.E.2d 479 (1946).

petition. The appropriate procedure was for plaintiff to appeal the probation revocation order. A habeas corpus proceeding is not intended as a substitute for an appeal, *Gentry v. Smith*, Utah, 600 P.2d 1007 (1979), and will not lie in the absence of a claim of fundamental unfairness in the trial or a substantial and prejudicial denial of a person's constitutional rights. See *Chess v. Smith*, Utah, 617 P.2d 341 (1980); *Rammell v. Smith*, Utah, 560 P.2d 1108 (1977); *Johnson v. Turner*, 24 Utah 2d 439, 473 P.2d 901 (1970); *Brown v. Turner*, 21 Utah 2d 96, 440 P.2d 968 (1968). Plaintiff's claim that it was error not to enter findings of fact and conclusions of law does not rise to that level, especially in view of the fact that a transcript of the proceedings was made.[2]

The judgment of the trial court dismissing the petition for a writ of habeas corpus is affirmed.

CROCKETT, C. J., and HALL, J., concur.

WILKINS, Justice (dissenting):

I respectfully dissent. I, first of all, disagree with the majority that "a writ of habeas corpus is not an available remedy on the facts alleged in the petition." Rule 65B(i)(1), Utah Rules of Civil Procedure, provides in pertinent part:

Any person imprisoned in the penitentiary or county jail under a commitment of any court, whether such imprisonment be under an original commitment or under a commitment for violation of probation or parole, who asserts that in any proceedings which resulted in his commitment there was a substantial denial of his rights under the Constitution of the United States or of the State of Utah, or both, may institute a proceeding under this Rule.

In his Complaint for Writ of Habeas Corpus appellant alleges as grounds for his petition that he is "illegally and unconstitutionally detained in violation of his rights under the laws of the State of Utah [and] the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." Further allegations as to the nature of the illegality of the detention are contained in the complaint. While I agree with the majority that "a habeas corpus proceeding is not intended as a substitute for an appeal," there is nothing in the record here to suggest that petitioner is so using that procedure as a substitute.

The constitutional issue raised by the appellant is the alleged absence of findings of fact and conclusions of law in his revocation proceeding. The issue is whether the transcript provided a sufficient written record to meet the requirements of due process.

In *Gagnon v. Scarpelli*,[1] the United States Supreme Court set down the minimum requirements of due process which must be met before probation can be revoked. Those requirements are:

(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present wit-

---

**2.** We are aware of the due process requirements set forth in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), for probation revocation proceedings, yet find the requirement for written findings inapplicable in the instant case. First, the standards set forth in *Gagnon* were addressed to administrative revocation proceedings which required no transcript, no judicial moderator, and no counsel, as opposed to the instant circumstance of a judicial proceeding with probationer being represented by counsel and a transcript being maintained. Numerous cases have refused to require formal written findings of fact separate and distinct from the transcript maintained in judicial revocation proceedings. *People v. Scott*, 34 Cal.App.3d 702, 110 Cal.Rptr. 402 (1973); *State v. Jaworski*, 194 Neb. 645, 234

N.W.2d 221 (1975); *State v. Fortier*, 20 Or.App. 613, 533 P.2d 187 (1975); *State v. Myers*, 86 Wash.2d 419, 545 P.2d 538 (1976). Second, the only issue in the instant hearing was whether the gun found in the police car in which the probationer had been transported belonged to the probationer. Although no express finding appeared in writing, the transcript, in which many statements by the judge appear, reveals the judge's thought process and the conclusions he drew from the evidence. An entry of formal findings of fact and conclusions of law would add nothing in the instant case.

**1.** 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

nesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body . . . ; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking [probation or] parole.[2]

It is undisputed here that the District Court failed to enter any findings of fact and conclusions of law at appellant's revocation hearing. Furthermore, an examination of the transcript of that hearing fails to support the contention that sufficient findings and conclusions are found there, even though at the hearing, during which several witnesses including appellant testified, and after the Court made some observations about the crime for which appellant had originally been convicted, the District Judge stated:

> It's the finding of the Court that you violated the terms of your probation.

This simple conclusory comment cannot rise to the level of a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation required by due process. I would reverse and remand for the District Court, as required by Rule 65B(i)(8), to "enter an appropriate order with respect to the judgment or sentence in the former proceedings and such further orders with respect to rearraignment, retrial, custody, bail or discharge as the Court may deem just and proper in the case."

MAUGHAN, J., concurs with the dissenting opinion of WILKINS, J.

---

2. *Id.*, at 786, 93 S.Ct. at 1761, citing and quoting from *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972).