OPINION OF THE COURT
Edward C. Alfano, J.
The defendant, Robert Davis, was indicted for acting in concert with two accomplices on September 15,1981 in the crimes of attempted robbery in the first degree, attempted robbery in the second degree (two counts), assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree.
The accomplices were not apprehended and the defendant was tried alone. A jury convicted him on all six counts of the indictment on May 18, 1982.
On June 15,1982, the date scheduled for sentencing, the District Attorney filed with the court a second felony offender statement which set forth defendant’s predicate felony conviction of attempted robbery in the third degree based on a plea of guilty entered on March 18, 1981.
The defendant now moves orally under CPL 400.21 (subd 7, par [b]) to controvert his predicate felony status on the ground that his felony plea was constitutionally defective.
A hearing was held before this court. The only evidence offered by the People was the transcript of the plea allocution.
*792 The plea minutes, insofar as they are pertinent, read as follows:
“the clerk: Indictment number 4649 of 1980, Robert Davis.
“mr. stutman: Legal Aid Society, appearing for the defendant, by Alan Stutman.
“mr. schulman: Alex Schulman, Assistant District Attorney.
“mr. stutman: May I approach for a moment, your Honor?
“the court: Certainly.”
(Discussion off the record between court and counsel at the Bench.)
“the court: Do you have an application?
“mr. stutman: Yes, Judge. At this time, as to indictment number 4649 of 1980, Robert Davis has authorized me to withdraw his previously entered plea of not guilty, and at this time plead guilty to attempted robbery in the third degree to cover all counts in the indictment.
“the court: Subject to a proper allocution, do the People recommend the acceptance of the plea?
“mr. schulman: Yes, Judge.
“the court: This is a single count indictment. Mr. Davis, please listen very carefully to what I have to say.
“Have you just heard what your lawyer, Mr. Stutman, told me, that is that you now wish to withdraw your previous plea of not guilty, and now wish to plead guilty to the crime of attempted robbery in the third degree, which is a Class ‘E’ felony; did you hear him say that?
“the defendant: Yes.
“the court: Is that what you wish to do?
“the defendant: Yes.
“mr. stutman: Judge, he has an injury.
“the court: I understand.
“Are you pleading guilty voluntarily and of your own free will?
“the defendant: Yes.
*793 “the court: Do you understand that a plea of guilty is the same as if you were found guilty after a trial, and that by pleading guilty you are giving up your right to a trial by jury and everything that goes with it; do you understand that?
“the defendant: Yes.
“the court: Do,you understand that among the things you are giving up is the right to require the People to prove you guilty beyond a reasonable doubt, if they can, you are giving up the right to be confronted by their witnesses, to cross examine their witnesses, and to introduce evidence in your own behalf as you so see fit; do you understand you are giving up those rights?
“the defendant: Yes.
“the court: I understand you have some difficulty in speaking. Please try as best you can.
“Do you still want to plead guilty?
“the defendant: Yes.
“the court: Are you pleading guilty because you are, in fact, guilty of the crime to which you are pleading guilty?
“the defendant: Yes.”
The defendant contends that although the plea court advised him that by pleading guilty he was waiving.his right to a trial by jury and the right to confront his accusers, the failure of the Judge to also advise him that he was waiving his right to remain silent rendered his plea void for sentence enhancement purposes.
The defendant relies on Boykin v Alabama (395 US 238) which requires that in order for a guilty plea to be constitutionally valid the accused must be shown to have intelligently and knowingly waived his Fifth Amendment privilege against self incrimination, his Sixth Amendment right to a jury trial and Sixth Amendment right to confront his accusers.
The defendant interprets Boykin (supra) as mandating the per se rule under which the failure of the plea court to specifically mention any one of the Boykin rights automatically nullifies the plea.
*794 In support of this view defendant cites People v Pruitt (83 AD2d 872) which holds that the failure to inform the defendant or the failure to show that defendant knew, that by pleading guilty he would waive his Boykin rights, renders the conviction based on the plea ineffectual as a predicate felony for purposes of sentencing pursuant to section 70.06 of the Penal Law and CPL 400.21 (subd 7, pars [a], [b]).
The court notes, however, that implicit in the decision is the notion that if a defendant knowingly and intelligently waives his rights, there is no need for the Judge to recite those rights to him in the allocution. The court did not in any way adopt the per se rule. It did not require a uniform catechism of the Boykin rights nor did it go beyond the concept that a plea made knowingly and voluntarily satisfies the constitutional requirements.
The Appellate Division, Fourth Department, held in People ex rel. Woodruff v Mancusi (41 AD2d 12), that the defendant’s plea was knowingly and voluntarily entered despite the fact that the plea court failed to advise the defendant of his Boykin rights.
The Appellate Division, Second Department, cites the Mancusi case with approval in People v Brady (59 AD2d 744, 745) wherein the defendant’s convictions on his pleas of guilty were affirmed for the reason that the “defendant’s guilty pleas were knowingly and voluntarily entered”.
In the case of Kloner v United States (535 F2d 730, 733, cert den 429 US 942), the defendant attempted to invalidate his plea of guilty because the District Court “ ‘never even alluded to the right to remain silent or the right to confrontation.’ ” The United States Court of Appeals for the Second Circuit states (at p 733): “A guilty plea will not be invalidated simply because of the district court’s failure * * * to enumerate one or more of the rights waived by the defendant.”
The court further held that a plea of guilty will be upheld as long as the defendant is adequately informed of the alternative courses of action open to him and as long as the defendant has not either because of ignorance or misinformation, been misled into entering the plea.
*795 A reading of the plea minutes in the case at bar leads to the conclusion that the defendant was sufficiently aware of the consequences and alternatives to this guilty plea to render his plea a voluntary and intelligent one.
The defendant does not claim that he did not have effective assistance of counsel or that he would have exercised his right to remain silent. Defendant does not assert that he was coerced or deceived into pleading guilty. His only point is that he was never told by the Judge presiding at the time he pleaded guilty, that he had the right to remain silent. Defendant does not contend that he never knew of this right nor does he argue that if he had been told of this right he would not have pleaded guilty; nor does he profess innocence. He merely makes the hollow statement that since at the allocution he was not told of this right, the plea is constitutionally defective.
The right to remain silent may have inured to the defendant’s benefit had he elected to go to trial. A defendant’s right to silence during a trial is consistent with keeping the burden on the prosecution to prove his guilt beyond a reasonable doubt. However, a defendant’s right to silence is inconsistent with his desire to plead guilty. If this defendant was to realize his desire to plead guilty he had to proclaim his guilt. A proclamation of guilt and silence are mutually exclusive.
Defendant initiated the request to change his plea. Defendant knowingly and intelligently threw on to the plea bargaining table his right to remain silent. This he did freely and voluntarily in order to secure a lesser sentence.
By declaring his guilt defendant effectively and knowingly surrendered his right to silence and to freedom from self incrimination.
At the time of the plea the defendant was no novice to the criminal justice system. The probation report discloses that on July 5, 1980, the Family Court, Kings County, adjudicated this defendant a juvenile delinquent in connection with an underlying robbery and a separate underlying assault. The defendant was committed to the Division of Youth for 18 months. After one month the defendant absconded and bench warrants were issued. The bench *796 warrants were executed when the defendant was apprehended for the offense which forms the predicate felony herein.
The indictment for the predicate felony charged the defendant with robbery in the third degree, a D felony. The defendant pleaded guilty to attempted robbery in the third degree, an E felony, on the promise of the reduced sentence of one-year incarceration.
The law is well settled in New York that there is no mandatory uniform catechism for the allocution of a guilty plea to insure its constitutionality. The only requirement is that the plea be made knowingly and voluntarily (People v Nixon, 21 NY2d 338, cert den sub nom. Robinson v New York, 393 US 1067; People v Jones, 81 AD2d 22; People v Francis, 38 NY2d 150).
The court finds that the plea in question was entered knowingly and voluntarily. The Constitution requires nothing more.
The motion to controvert the second felony offender statement is denied. The defendant is adjudicated a second felony offender.