■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HEPPELLE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 1, 1981, which revoked defendant's probation and imposed a sentence of imprisonment. On May 30, 1980, defendant pleaded guilty to attempted burglary in the second degree and was subsequently sentenced to a 60-day term of imprisonment and to a five-year term of probation with special conditions of probation. Defendant's probation officer filed a declaration of delinquency on July 9, 1981 reporting that defendant had violated his probation by failing to keep certain of his scheduled appointments with his probation officer, by not notifying the probation officer before he changed his residence, by failing to actively seek employment within two weeks of his sentencing and by allegedly assaulting a tavern owner on New Year's Day. On August 24 and 26, 1981, defendant was afforded a hearing (CPL 410.70), at the conclusion of which the court found that defendant had violated the conditions of his probation. Defendant's probation was thereafter revoked and he was sentenced to a term of imprisonment with a minimum of

two years and a maximum of six years on his original conviction for attempted burglary in the second degree. This appeal ensued. Defendant contends that his probation was revoked for reasons other than those specified in the declaration of delinquency petition, i.e., his failure to provide information for the conviction of his brother on assault charges, as a result of which defendant was indicted for perjury in February, 1981. However, an examination of the record reveals that the court did not consider defendant's indictment for perjury as a violation of a condition of probation. Therefore, defendant's contention is without substance as his conduct warranted revocation of his probation (*People v King,* 55 AD2d 972). Finally, we see no merit in defendant's contention that the sentence imposed was excessive or that the trial court abused its discretion in the imposition thereof (*People v Willi,* 77 AD2d 711). The judgment, therefore, should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.