Louis MALEK, Plaintiff and Appellant,

v.

The Honorable James SAWAYA, Third District Judge; The Honorable Alan B. Sorenson, Fourth District Judge; Ken Shulsen, State Prison Warden; and Gary Webster, in his capacity as Executive Secretary of the Board of Pardons of the State of Utah, Defendants and Respondents.

No. 21052

Supreme Court of Utah.

Aug. 26, 1986.

Mary C. Corporon, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Carlie Christensen, Salt Lake City, for defendants and respondents.

HALL, Chief Justice:

Plaintiff appeals the denial of a writ of habeas corpus.

On May 18, 1977, plaintiff pleaded guilty to a charge of manslaughter. He was sentenced to serve one to fifteen years in the Utah State Prison. He was paroled on May 11, 1982, after serving approximately five years of his sentence. On February 28, 1983, he was arrested and charged with attempted murder and aggravated robbery. On March 18, 1983, the Board of Pardons issued a warrant for plaintiff's arrest, charging him with violating the terms and conditions of his parole based upon the filing of criminal charges against him. Later that same day, plaintiff was served with the warrant and waived his right to a prerevocation hearing. The Board of Pardons scheduled plaintiff's parole violation hearing for April 13, 1983. The hearing was subsequently continued by the Board pending disposition of the criminal charges.

On July 8, 1983, plaintiff was convicted of aggravated robbery and attempted murder and was sentenced to serve two concurrent terms of five years to life at the Utah State Prison. The Board of Pardons received a copy of the court's order on May 16, 1984, and scheduled the parole violation hearing for May 23, 1984. Plaintiff objected to the scheduled hearing date on the ground that he had not had adequate time to prepare for the hearing. The hearing was rescheduled for July 25, 1984, at which time plaintiff appeared before the Board and pleaded guilty to the parole violation charges. On January 8, 1985, the Board entered its findings of fact, conclusions of law, and order. The Board found that plaintiff had violated his parole and or-

dered his parole revoked. Plaintiff was granted a parole rehearing date of July 1988.

On April 24, 1985, plaintiff filed a petition for a writ of habeas corpus, claiming that the hearing held on July 25, 1984, was not conducted in a timely manner. His petition for writ was denied on November 6, 1985, on the grounds that his claim was barred by the applicable statute of limitations, U.C.A., 1953, § 78–12–31.1 (Repl.Vol. 9A, 1977 ed., Supp. 1986), and that he had not been prejudiced by the delay in conducting the parole hearing.

Plaintiff advances two contentions on appeal: first, that the Board of Pardons failed to timely determine and schedule a date for a parole hearing in violation of U.C.A., 1953, § 77–27–7(1) (Repl.Vol. 8C, 1982 ed., Supp. 1985) (amended 1986), and second, that the Board failed to conduct a timely parole revocation hearing.

In 1985, section 77–27–7(1) provided that the Board "shall determine within six months ... a date upon which the offender shall be afforded a hearing to establish a date of release ..." However, that statutory provision does not bear upon the issues presented because the effective date of its enactment was not until April 29, 1985, a date subsequent to the events that transpired in this case.

The statute that was in effect is former section 77–27–7 (Repl.Vol. 8C, 1982 ed.) (repealed 1985), which charged the Board with the responsibility of adopting rules and regulations to govern its proceedings. The parties not having briefed the issues presented in the context of the rules adopted by the Board, the Court *assumes* that the Board in fact had a rule in place that contained an identical six-month time limitation for the setting of a hearing date. The very nature of the proceedings before the Board of Pardons prompts the conclusion that the time limitation for determining when a hearing date will be set is

directory only and that noncompliance is not unreasonable per se.

In *Morshita v. Morris*,[1] a case similar on its facts, probation was revoked without the entry of findings of fact and conclusions of law as provided for by statute. This Court reiterated that a writ of habeas corpus is not an available remedy in the absence of a claim of fundamental unfairness at trial or a substantial and prejudicial denial of constitutional rights.[2] Plaintiff has made no such showing here, and his contentions on appeal are therefore without merit.

Affirmed.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.