# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1998



FILED

**October 30, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9805-CC-00134** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. WHIT LAFON** |
| **MICHAEL D. LOVE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF MADISON COUNTY

FOR THE APPELLANT:

C. MICHAEL ROBBINS
46 North Third Street
Suite 719
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JERRY WOODALL
District Attorney General

JAMES W. THOMPSON
Assistant District Attorney General
Lowell Thomas State Office Bldg.
Jackson, TN 38301

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the judgment of the trial court which found him to be in violation of the terms of his probation. He argues that the trial court erred in ordering the balance of his sentence to be served in confinement. We affirm the judgment of the trial court.

In 1994, the Madison County, Tennessee grand jury indicted the Defendant on charges of aggravated robbery, conspiracy to commit aggravated robbery, possession of a deadly weapon with intent to employ it in the commission of aggravated robbery, possession of cocaine with intent to sell or deliver, evading arrest, and contributing to the delinquency of a minor. Subsequently, pursuant to a plea agreement, the Defendant pleaded guilty to aggravated robbery, a Class B felony, and misdemeanor possession of cocaine. The plea agreement called for concurrent sentences of eight years for aggravated robbery and eleven months and twenty-nine days for the misdemeanor drug charge. One year of the sentence was ordered to be served in the county workhouse with the balance to be served in community corrections. By order entered on July 20, 1995, the balance of the Defendant's sentence was ordered to be served on probation.

On September 26, 1997, a probation violation warrant was issued, alleging that the Defendant had violated probation by being arrested for "aggravated sexual assault of a child" in Texas. The record reflects that the Defendant subsequently pleaded guilty in Texas to the felony of "indecency with a child by

exposure." He received a three-year sentence in Texas which was ordered to be served on "community supervision."

On March 10, 1998, after conducting an evidentiary hearing on the probation violation warrant, the trial court found that the Defendant was in violation of the terms of his probation. The court ordered the probation revoked and the balance of the Defendant's sentence served in the Department of Correction. It is from the order of the trial court directing that the balance of the Defendant's sentence be served in confinement that the Defendant appeals.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding a trial judge erred in determining that a violation has occurred, the record must contain no substantial evidence to support the conclusion of the trial judge. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If the violation is so supported by the record, the judgment of the trial court revoking probation will not be disturbed on appeal unless it appears that the trial court acted arbitrarily or otherwise abused its discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

When a trial judge grants a suspended sentence, that judge demonstrates a certain amount of confidence that the Defendant will lead a lawful life. When the Defendant's subsequent actions violate that confidence, the trial judge again exercises discretion in determining whether the suspended sentence should be revoked. Davenport v. State, 381 S.W.2d 276, 279 (Tenn. 1964); Thompson v. State, 279 S.W.2d 261, 262 (Tenn. 1955). The Defendant's subsequent actions

may indicate that the initial decision to suspend the sentence was a mistake. All probationers are deemed to be on notice that they may not engage in unlawful activity or otherwise conduct themselves inconsistently with good citizenship if they are granted probation instead of incarceration. Roberts v. State, 546 S.W.2d 264, 265 (Tenn. Crim. App. 1976).

The Defendant concedes that his felony conviction in Texas constitutes a violation of the terms of his Tennessee probation. He argues, however, that the trial judge abused his discretion by ordering the balance of the Defendant's eight-year sentence to be served in the Department of Correction. He argues that this Court should remand the case and direct the trial judge to place the Defendant back on probation.

A trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The Defendant, who was already on probation for a felony, committed another felony. Under these circumstances, the Defendant's argument that he is entitled to a second grant of probation is not particularly persuasive. The testimony given by the Defendant at his revocation hearing demonstrates little,

if any, assurance that he would be unlikely to violate his probation again were he allowed to continue to serve his sentence on probation. This was obviously also the conclusion of the trial judge. Based on our review of this record, we cannot conclude that the trial judge erred or abused his discretion in ordering the balance of the Defendant's sentence to be served in the Department of Correction.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE